[Ex parte Redd.]

# *Ex parte* Redd.

*Application for Mandamus.*

1. *Claim of exemption of personal property; filing of inventory.*—When a claim of exemption of personal property from sale under execution is asserted, whether under section 2828 or section 2834 of the Code, before the plaintiff is required to tender any issue, the defendant or claimant must file an inventory as provided by section 2837 of the Code; and failing to do so, the plaintiff is entitled to an order declaring the property subject to the process, unless some special reason is shown why the order should not be granted.

2. *Same; when bond not required of plaintiff before levy.*—The provision of section 2830 of the Code, requiring the plaintiff to give bond, is confined to cases in which the levy is sought to be made on property, a claim to which as exempt has been filed and recorded under sections 2828-9 of the Code.

3. *Same; misprints in §§ 2834 and 2840 of the Code.*—There are misprints in the chapter of the Code of 1876, relating to exemption of property. In twelfth line of section 2834, the figures 2828 should be read 2830; and in the last line of section 2840, the figures 2823 and 2824 should be read 2821 and 2822.

4. *Mandamus; when not proper remedy.*—Mandamus will lie to compel an inferior tribunal to proceed to judgment, but not to dictate the particular judgment it should render; and hence, it will not lie to compel the circuit court to enter judgment, declaring personal property levied on and claimed as exempt subject to the process, on the failure of the defendant to file an inventory as provided by section 2837 of the Code.

Application to this court for mandamus to the Circuit Court of Pike county, to compel that court to make and enter an order subjecting personal property levied on under an execution, and claimed as exempt by the defendant in the execution, to sale, on his failure to file an inventory as provided in section 2837 of the Code of 1876.

The facts are stated in the opinion.

J. D. GARDNER and F. S. FERGUSON, for petitioner.

N. W. GRIFFIN, *contra.*

STONE, J.—The petitioner, Redd, obtained a judgment against J. R. Mark, and under an execution issued thereon, certain personal property, of value less than one thousand

dollars, was levied on as the property of defendant. The defendant had filed no claim to said property, as exempt, under section 2828 of the Code of 1876. After the levy he did file such claim under section 2834 of the Code. At the trial term the claimant of exemption failed to file an inventory, as provided in section 2837 of the Code; and thereupon the plaintiff moved the court for judgment by default, declaring the property subject to the process. The court declined to make this order, but made no final disposition of the cause. The present application is for a mandamus, to compel the court below to grant the order moved for.

The record fails to show any reason why the order should not have been granted. No inventory was filed by the claimant, as required by law, and no further time for filing such inventory had been granted by the court. In such case, the plaintiff was not required to tender an issue.—Code, § 2837. If it be supposed that plaintiff was required to give the bond, for which section 2830, subdiv. 3, makes provision, that is an error. That requirement is confined to cases, where the levy proposed to be made is on property which had been previously claimed and recorded under sections 2828–9 of the Code.

There are misprints in the chapter of the Code of 1876, relating to property exempt. In section 2834, twelfth line, 2828 should be read 2830. In section 2840, the figures 2823 and 2824, in last line, should be read 2821 and 2822.

Lest this opinion be misunderstood, we will add that no matter under which section of the Code—§ 2828 or § 2834—the claim of exemption of personal property is asserted, before the plaintiff shall be required to tender any issue, the defendant or claimant must file an inventory, as provided in section 2837 of the Code. Section 2839 proves that this is a necessary element in every contest over personal property claimed as exempt. The bond, however, required of plaintiff by section 2830, before having property seized which has been claimed under sections 2828–9 of the Code, as we have said, need not be given when the claim is under section 2834. That bond is required to be given before the levy can be made; and if no claim has been made and filed for record, it can not be known, or anticipated that any will be asserted. Such bond has no place for operation, when the claim is under section 2834.

Mandamus is not the remedy in such a case as this. That coercive process is proper, when an inferior court refuses to proceed to judgment, in a case in which the law makes it his duty to act. This court will command the inferior tribunal to proceed to judgment, but will not dictate the judgment he shall render. It compels judgment, but does not control it, when there is another adequate remedy.—*State, ex rel. v. Williams,*

[The State ex rel. Greene County v. Coleman, Treasurer.]

69 Ala. 311.   If the circuit court, on being moved thereto, had refused to render final judgment, the petitioner would have been entitled to this extraordinary remedy.   We can not presume there would have been such refusal.   A refusal to render a particular, specified judgment, is not the equivalent of a refusal to render any judgment.   From final judgment, when rendered, an appeal lies to this court.   Such appeal is a complete and adequate remedy.—2 Brick. Dig. 240, § 4.

Mandamus denied.