# Todd *v.* McCravey's Adm'r.

*Equitable Attachment and Garnishment; Claim of Exemption.*

1. *Claim of exemption against garnishment; where filed.*—When a garnishment is levied upon any personal property other than money or *choses in action*, a claim of exemption thereto " must be lodged with the officer making the levy" (Code, § 2834); but, when the levy is upon " any money or *choses in action*" (*Ib.* § 2842), the claim of exemption must be filed, verified by affidavit, in the court where the proceeding is

[Todd v. McCravey's Adm'r.]

pending; and it may be interposed at any time before the debt is condemned in the hands of the garnishee, but subject to reasonable regulation by the court.

2. *Burden of proof as to exemption.*—A "declaration and claim of exemption," duly made and filed for record on the Probate Court, is *prima facie* correct (Code, § 2831), and imposes on a contesting creditor the *onus* of establishing its incorrectness, or invalidity; and when its validity depends on the time when the debt was contracted, the creditor must affirmatively prove the time for which he contends.

3. *Exemption; by what law determined, and value in 1867.*—As against the claims of creditors, the extent and amount of exemptions are to be determined by the law which was of force when their debts were created; and under the laws which were of force prior to the 19th February, 1867, a debt or money in the hands of a garnishee could not be claimed as exempt.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The appeal in this case was sued out from a decree dismissing and disallowing a petition and claim of exemption, which was interposed by the appellant, Mrs. Susan S. Todd, one of the defendants in a pending chancery suit, to a fund of $267.75, which was paid into court by S. J. Kennerly & Co., garnishees in the cause. The bill in that case was filed on the 9th February, 1878, by L. W. McCravey, as the administrator of the estate of B. F. McCravey, deceased, against Mrs. Todd and her two children; and sought to subject her interest in certain real estate, particularly described, to the satisfaction of a debt due to the estate of said B. F. McCravey, for work done and materials furnished in making certain improvements and additions to a dwelling-house in Huntsville, which constituted a part of said real estate. Kennerly & Co., who were in possession of a part of the property as the tenants of Mrs. Todd, were made defendants to the bill, and a garnishment was prayed against them as her debtors. The principal facts of the case are stated in a former report of the case, on appeal sued out by the complainant.—66 Ala. 315–26.

The complainant's debt was evidenced by a bond, or promissory note under seal, for $491.45, dated June 26th, 1868, and signed by Mrs. Todd and her husband; which recited as its consideration "lumber and labor received of him [said B. F. McCravey] in building and repairs on the residence," particularly describing it. The bill alleged that, at the time the improvements were made, Mrs. Todd was a married woman, the wife of D. H. Todd, who died July 30th, 1871; and as to the time when the work was done, it contained these allegations: *Par.* 1. "That his said intestate was a carpenter by trade, and as such, *in the year 1866*, made improvements to the amount of $491.45 upon the residence of the said defendant." *Par.* 5. ,' Said improvements consist of all the carpenter's work on the

[Todd v. McCravey's Adm'r.]

new addition to the dwelling-house, which said addition was built on the north end of the original building *during the years 1867 and 1868.*" *Par.* 6. "At the time said improvements were made, said defendant, Susan S. Todd, owned another lot or parcel of land," particularly describing the storehouse and lot occupied by said Kennerly & Co.; "which lot or parcel of land she acquired by conveyance from her father, Daniel B. Turner, *on the 26th March, 1866.*"

The record does not show at what time the money was paid into court by the garnishees In her petition asking that the money be declared exempt and paid over to her, which was verified by affidavit, and filed in the cause on the 8th July, 1881, Mrs. Todd stated·that, on the 22d January, 1881, she "filed in the Probate Court of said county a claim of exemptions, with schedule attached, which is duly recorded in said court, and a copy of which is hereunto attached as an exhibit, and its allegations are here repeated;" that she owned no personal property except that described in said claim and schedule, which included the money in the hands of the register; "and that the work done and lumber furnished by complainant's intestate was done and furnished in the year 1867." The complainant filed an answer under oath to the petition, in which he alleged that his debt "was contracted in the year 1866;" and he insisted that the petition should be dismissed and disallowed, "because no claim in writing and under oath, as provided by section 2828 of the Code of Alabama, was lodged with the officer making the levy of the garnishment in this case, as required by section 2834 of the Code."

The complainant's own affidavit was submitted on his behalf, in which he stated "that said debt was contracted in the latter part of the year 1866, and the book-account of complainant's intestate shows that the contract for said improvements was made in 1866." Mrs. Todd's affidavit was submitted in her behalf, in which she stated "that said debt was not contracted in 1866, but said work was done and said lumber furnished by said by B. F. McCravey during the year 1867, between the months of May and December." These affidavits were admitted, by consent, as the depositions of the parties. The cause being submitted on the petition and answer, with these affidavits, and the exhibits, the chancellor disallowed the claim of exemption, and dismissed the petition; and his decree is now assigned as error.

D. D. SHELLBY, for appellant.

HUMES, GORDON & SHEFFEY, *contra.*

SOMERVILLE, J.—Section 2842 of the present Code (1876) provides, that whenever any money, or *choses in action*, are levied on by process of garnishment on any attachment, judgment, or summons and complaint, and the defendant in such attachment, or other process, "claims the same, or any part thereof, as *exempt* from such levy, he shall file such claim in writing, verified by his affidavit, *in [the] court where such proceedings are pending*, setting forth what other personal property, if any, he has, specially, where the same is, and its value; or, if he has none, stating that fact." It is further provided, that such claim may be contested, in the same mode as other cases of contestation are conducted.—Code, 1876, § 2842. The present case is one where the claim of exemption is interposed to certain rents due by a garnishee, in an equitable garnishment, to the defendant in a chancery suit. The claim of exemption was therefore properly filed in this court, where the proceedings were pending, and which alone had jurisdiction of the matter. Section 2834 of the Code, requiring such claim in writing to be "lodged with the officer making the levy," in certain cases there provided for, has reference only to cases where other personal property than money or *choses in action* is levied on—property of a tangible nature, such as ordinarily is the subject of levy and sale under execution. That section was not intended to include cases where money or *choses in action* are attached by garnishment, when, in our opinion, the statute clearly intends to authorize the interposition of a claim of exemption at any time before a condemnation of the debt in the hands of the garnishee; subject, of course, to reasonable regulation by the court having jurisdiction of the proceedings. *Henderson v. Tucker*, 70 Ala. 381; *Sherry v. Brown*, 66 Ala. 51; *Daniels v. Hamilton*, 52 Ala. 105.

The appellant is shown to have previously filed her "declaration and claim of exemption" for record in the Probate Court, in due form, as authorized by section 2828 of the Code. This is made by statute "*prima facie* evidence of the correctness of such claim."—Code, § 2831. The burden of proof was, therefore, cast on the contestant, to show that his alleged grounds of contestation were correct, and that the debt was subject to the process.—Code, § 2838. The issue of fact raised before the chancellor, upon which this was made to depend, among other things, was, whether the debt due McCravey was created prior to February 19, 1867, or after that date. If prior to this date, the rents were subject to the garnishment process, and the exemption claim was untenable. If subsequent to it, the reverse would be true.—Code, 1876, § 2844; Code, 1867, § 2884; *Peevey v. Cabaniss*, 70 Ala. 258; *Fearn v. Ward*, 65 Ala. 33; *Nelson v. McCreary*, 60 Ala. 301.

[Harden v. Darwin & Pulley.]

We have examined the testimony in the case, and are of opinion that it clearly preponderates in favor of the view, that the debt in question was created during the year 1867, and subsequent to the nineteenth day of February. We have in favor of this fact the testimony of the defendant, with some very strong and probable implied admissions in the complainant's bill, aided by the *prima facie* legal presumption that the property is exempt until the contrary is proved. Against this is opposed only the naked assertion of the complainant, who is not shown to have any knowledge of the fact, except such as he seems to have derived from "the book of account" of his intestate. It is not made to appear in whose hand-writing such entry was made, nor are any facts stated from which the inference can be justified that it was made contemporaneously with the event to which it purports to relate.—*Dismukes v. Tolson*, 67 Ala. 386; *Union Bank v. Knapp*, 15 Amer. Dec 181; 1 Greenl. Ev. §§ 118–120. This was unsatisfactory, especially in view of repugnant admissions in the bill.

The decree of the chancellor is reversed, and a decree will be rendered in this court, adjudging the issue on the contestation of the exemption against the complainant, and in favor of the defendant, Mrs. Todd, and vacating the garnishment proceedings. The said defendant is adjudged to be entitled to the amount of rents in the hands of the register, which will be paid to her under the order of the chancellor. The costs of this appeal, and of the exemption contest in the Chancery Court, will be taxed against the appellant. The garnishee will be discharged, with his reasonable costs.