# Tonsmere & Craft v. Buckland.

*Garnishment on Judgment; Claim of Exemption, and Contest.*

1. *Claim of exemption of personal property; inventory.*—Under the several statutory provisions regulating claims of exemption to personal property and contests thereof (Code, §§ 2515, 2520-21, 2525), *it seems* that, when a declaration and claim of exemption has been filed of record before a levy, the defendant is not required to furnish an inventory of his property to a contesting creditor, except on the written demand of the latter before the first day of the term to which the process is returned; but, when the declaration and claim of exemption is filed after a levy, it is insufficient unless accompanied with an inventory; and the plaintiff may, without tendering an issue, claim judgment by default, unless good cause to the contrary is shown; or, waiving the omission to file an inventory with the affidavit of claim, he may make written demand for an inventory before the first day of the term.

2. *Same; as against plaintiff in garnishment.*—When a claim of exemption is interposed to money, property, or *choses* in action, which have been attached in the hands of a garnishee, it must be accompanied with a statutory inventory of the debtor's property (Code, § 2533), and the plaintiff may claim judgment for the want of such inventory; or, if a defective inventory is filed, he may require a fuller one, before tendering an issue; or he may waive an inventory, or accept a defective one, and tender an issue, thereby estopping himself from' afterwards objecting to the omission or defects.

3. *Same; sufficiency of inventory.*—An inventory, filed by a debtor with his claim of exemption, specifying "$225 in the hands of third persons, to whom defendant has loaned it," not stating the name of the borrower, nor the security or evidence of indebtedness taken, is too general and indefinite; and "household and kitchen furniture," not otherwise describing the various articles of which it consists, is also insufficient.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

The appellants in this case, suing as partners, recovered a judgment for $113.44, besides costs, in the Circuit Court of Mobile, on the 11th May, 1886, against Edward E. Buck-

[Tonsmere & Craft v. Buckland.]

land; and on the 8th March, 1889, sued out a garnishment on it against the Mobile & Ohio Railroad Company, as the debtor of said Buckland. On the 11th May, 1889, the garnishee filed an answer, verified by the oath of its treasurer, admitting an indebtedness of $187.50. On the 13th May, 1889, Buckland filed with the clerk of the court, duly verified by affidavit, his claim of exemption, as follows: "Personally appeared," &c., Edward C. Buckland, who says "that he is a resident citizen of the county of Mobile, Alabama, and that he hereby declares under oath that he has selected and claimed, as exempt to him under the constitution and laws of Alabama, the following described property, to-wit: Affiant says that he is not possessed of any real property whatsoever, and that he is possessed of the following personal property, to-wit: household furniture, valued at $105; kitchen furniture, valued at $25; wearing-apparel of himself and family, valued at $75; all of said property being situated in" a house in Mobile particularly described; "and he also selects and claims as exempt the sum of $225 in the hands of third persons, to whom defendant has loaned it, and the sum of $187.50, wages due him by the Mobile & Ohio Railroad Company, now in the possession of Henry Tacon, the treasurer of said company." On the 24th May, 1889, the plaintiffs, by J. W. Crawford as their agent, filed an affidavit that, "in his belief, the claim of exemption filed herein by the defendant is invalid entirely;" and on the same day filed a written notice to the defendant, which was served on him by the sheriff on the same day, requiring him to file a full and complete inventory of all of his property. The cause was set down for trial on the 6th June, and on that day, both parties announcing themselves ready, the plaintiffs asked for judgment by default, because the defendant had failed to file an inventory as required by said written notice; which motion the court overruled, and the plaintiffs excepted. The plaintiffs then declining to proceed further, the defendant moved for a judgment discharging the garnishee; and the court granted this motion, against the objection and exception of the plaintiffs.

The refusal of the court to render judgment by default against the defendant, and the judgment discharging the garnishee, are here assigned as error.

WM. E. RICHARDSON, for appellants, cited *Ex parte Redd*, 73 Ala. 548; Code, §§ 2525, 2533.

[Tonsmere & Craft v. Buckland.]

RUSSELL & BOONE, *contra*, contended that the right to demand an inventory was waived, because not made in proper time, and because an affidavit of contest had already been filed.

STONE, C. J.—The mode of claiming exemptions, and of contesting the same, although intended to be harmonious as far as practicable, is nevertheless somewhat varied and shaded by the nature of the proceedings, or process, under which the condemnation is sought. The statutes contain no special provisions for such claim or contest in the Chancery Court. Nevertheless, the right being clear, and of constitutional guaranty, chancery grants relief according to its own peculiar methods. — *Zelnicker v. Brigham,* 74 Ala 598; *Seals v. Pheiffer,* 84 Ala. 359; *Collier v. Wood,* 85 Ala. 91; *Thompson v. Sheppard, Ib.* 611. So, in common-law proceedings, varying forms are given for the assertion and contest of the claim. Not to mention the special provisions applicable to cases which are in the Probate Courts, and in the justice's courts, the following differences will be found, when the proceedings are in the courts of superior jurisdiction.

*First,* When a declaration of claim of exemptions has been made, and filed and recorded in the Probate Court, under sections 2515 to 2518 inclusive, of the Code of 1886, no levy can be made until certain preliminary steps are taken, and those preliminary steps of themselves inaugurate a contest. The steps are an affidavit and bond, to be filed with the officer holding the process. There is an exception to this principle. If there is indorsed on the process the fact that there has been a waiver of exemption as to the kind of property on which the levy is sought to be made, then affidavit and bond need not precede the levy.—Code, § 2519.

*Second,* When a case arises in which no declaration of claim has been previously made, filed and recorded.—Code of 1886, § 2521. To claims thus asserted, being made after levy, there is, and can be, no contest, until notice thereof has been given to the plaintiff, his agent or attorney. The contest is then inaugurated by the requisite affidavit made by the plaintiff, &c., and filed with the officer making the levy. No bond is required, when the contest is under this section. When claim of exemption is asserted under this section— 2521—if the levy is on personal property, the defendant must file with his claim "a full and complete inventory, duly

[Tonsmere & Craft v. Buckland.]

verified by oath, of all his personal property, except the wearing-apparel, portraits, pictures, and books specially.exempted from levy and sale, with the value and location of each item of such property, and of all money belonging to him, whether in his possession, or held by others· for him, and of all debts and *choses in action* belonging to him, or in which he is beneficially interested, with the value of each of them." Code of 1886, §§ 2521, 2525.

It would seem that, when the claim of exemption is asserted under section 2521, such claim is not well and legally made, unless it is accompanied by the inventory—substantially stated above—as required by section 2525. Yet, according to the section last named, "On any contest of a claim of exemption to personal property, on the plaintiff's written demand, made at any time before the first day of the term of the court to which the process is returned, the defendant claiming the exemption shall, within the first three days of the term, file a full and complete inventory," the required contents of which we have already stated. Was it expected that, in contests arising under section 2521, two inventories shall be filed? The solution will probably be found in the fact, that the last named clause of section 2521—the clause which requires an inventory to be filed contemporaneously with the claim, when it is made under that section—was not in the statute until it was incorporated in the Code of 1886.—Code of 1876, § 2834.

The appellant relies on the case of *Ex parte Redd*, 73 Ala. 548. Relief was denied in that case, because the record did not show the judge below had refused to act. He had only refused to act in a particular way. We held that *mandamus* would not lie in such case. The claim in that case was interposed under section 2834 of the Code of 1876. That section had not then been changed. As the law then stood, it was made the duty of the claimant of exemption of personal property, whose claim had been contested, to make and file in the court to which the process was returnable a full and complete inventory of his personal effects, with certain exceptions, "before the plaintiff should be required to tender any issue on the claim of exemptions." In *Ex parte Redd*, we ruled that it was the duty of the claimant, in such case, to make and file the required inventory, before any duty devolved on the plaintiff to tender an issue. Under the statute before the change, no written demand by the plaintiff was required. The duty was cast on the claimant with-

out such demand, and, failing to perform it, he put himself in default. Comparing those sections, 2834 and 2837 of the Code of 1876, with the corresponding sections, 2521 and 2525, of the Code of 1886, it will be found that each has been materially changed.

In *Clark v. Spencer*, 75 Ala. 49, we said: "After the enactment of the statute of February 9, 1877, the same mode, method and remedy should be observed, in all cases of asserted homestead and other exemptions." We will follow that rule, with some minor divergencies in form, forced upon us by the varying phraseology of the different statutes. We suggest the following to be probably observed in cases of contest in the law courts of superior jurisdiction, in all cases arising under the provisions of the Code of 1886, in which there has been an actual levy on personal property, and the same is claimed as exempt:

*First:* If, before the levy, there had been a declaration of exemption filed and recorded—Code of 1886, §§ 2515 *et seq.*—and a contest is inaugurated under section 2520, then no inventory need be furnished by the claimant, except on the written demand of the plaintiff.—Code of 1886, § 2525.

*Second:* If there has been no declaration of claim filed and recorded, and the claim is interposed after levy, the claim is insufficient, unless it is accompanied with a proper inventory made out, sworn to, and filed.—Code, § 2521. And the plaintiff is not required in such case to tender an issue, but possibly may claim and have a judgment by default against the claimant, "unless good and sufficient cause be shown to the contrary."—Code, §§ 2521, 2525. The sufficiency *vel non* of such showing, of course, the presiding judge would have to determine.

Or, the plaintiff may waive the omission to file an inventory with the affidavit of claim, and proceed by written demand of an inventory under section 2525. If he elect to pursue this course, the written demand must be made "before the first day of the term of the court to which the process is returned," or returnable. The provisions of the two sections, 2521 and 2525, have forced us to these conclusions, as possibly the only means by which we can give to each some operation. These are only suggestions, made in view of the changes in the statutes.

The third phase of this question which we propose to consider, is the one raised by the record before us—that of a creditor, who seeks by process of garnishment to subject to

his demand "money, or *choses in action,* or personal property," in the hands of a garnishee.—Code of 1886, § 2533; *Todd v. McCravey,* 77 Ala. 468. That section is changed somewhat in its transition from one Code to the other. Code of 1876, § 2843. It is not perceived, however, that the change materially affects the questions shown by the present record. Money, *choses in action,* or property, attached in the hands of a third person, or garnishee, may be the subject of exemption, if properly claimed. The time limited for filing such claim is, that "if the defendant [claiming the exemption] has notice of the garnishment, the claim of exemption must be interposed before judgment of condemnation." This section of the Code, like section 2521, requires that an inventory, the requirements of which we have heretofore stated, shall accompany the claim of exemption, and with it shall be filed "in the court in which such proceedings are pending." A claim of exemption, interposed under this section, is also open to contestation, the form of which, and the proceedings under it, are the same as those prescribed when the contest is of a claim of personal property actually levied on. As in cases arising under section 2521, the claim of exemption is not sufficiently interposed, unless there is filed with it an inventory, and such inventory as the statute requires. True, plaintiff may waive an inventory, or, by tendering issue and going to trial without an inventory, or on an imperfect one, may estop himself from afterwards objecting to the want or imperfection of the inventory; but he is not bound to do so. He may insist on an inventory, such as the statute prescribes, before tendering an issue; and failing to obtain it, he may demand judgment against the garnishee, as upon default of the claimant of exemption.

An error in the court below appears to have been fallen into, in supposing that section 2525 of the Code exerts a larger influence in determining this case than its language justifies. It is a guide for what the inventory shall contain, for section 2533 makes it so. In no other respect has it any application to the present suit. The time allowed for interposing the claim under section 2533 shows that the written demand mentioned in section 2525 can not be made applicable to it.

When plaintiff in the court below demanded an inventory, or a more specific inventory, his conduct, if the one previously filed was insufficient, amounted to no more than an election

[Franklin v. Pollard Mill Company.]

between two courses, each equally open to him. He could have moved for judgment against the garnishee, on the ground that no sufficient claim of exemption had been filed; or, pursuing the course he did, it was his right to demand a fuller inventory. Pursuing either course, it was within the discretion of the presiding judge, with or without terms, to allow an inventory to be filed, or the imperfect one amended.

The inventory filed at the time the claim was interposed is too indefinite. "The sum of two hundred and twenty-five dollars in the hands of third persons, to whom defendant has loaned it," is not sufficiently specific. The name of the borrower, and the security, or evidence of indebtedness, if any, should have been set forth. So, "household and kitchen furniture" is too general. There should be as much particularity in describing these—particularly in describing the more important articles of furniture—as would be required in a suit at law claiming their recovery, or in an inventory of a decedent's estate and effects.

Reversed and remanded.