# Trager, Canman & Co. *v.* Feibleman.

*Contest of Claim of Exemption.*

1. *Claim of exemption to property levied on; waiver of accompanying inventory.*—When a claim of exemption is interposed to personal property on which an attachment has been levied, it should be accompanied with a statement of all the defendant's other personal property, *choses* in action, &c. (Code, §§ 2521, 2525); but the want of such statement is waived, if the plaintiff, without objecting to the sufficiency of the claim, makes a written demand for an inventory.

2. *Issue contesting claim of exemption; error without injury.*—On a contest of a claim of exemption to personalty, an issue being formed under the direction of the court, in which the plaintiffs allege that the property levied on is subject to their attachment, and is not by law exempted to the defendant, this properly presents the question to be tried, namely, whether the defendant has property, money or effects not included in his inventory; and if there is error in the refusal of the court to require the defendant to join in other special issues tendered by plaintiffs, it is error without injury.

3. *Evidence on issue as to ownership of money.*—On the trial of an issue contesting a debtor's claim of exemption to property on which an attachment has been levied, plaintiffs having proved that he received a considerable sum of money for goods sold a few days before the levy of the attachment, it is permissible for him to show that, when the written demand for an inventory was made on him, he had already used the money in the payment of other *bona fide* debts.

4. *Disposition of property by defendant in attachment claiming exemption.*—When a defendant in attachment claims as exempt the specific property levied on, and his claim is contested by the attaching creditor, he is not thereby deprived of the right to prefer other *bona fide* creditors, and to pay their debts with any other property; but a gift, or fraudulent disposition of his property, is void as against plaintiffs and other existing creditors.

5. *Deposit of money with third person, for creditor.*—If a debtor deposits money with a third person, instructing him to pay it to another, no present consideration passing, the ownership of the money remains in the debtor himself until the beneficiary ratifies the act by accepting the money, or otherwise placing the depositary in a position which might result in prejudice to him by a revocation of the act; and a ratification in such case relates back to the date of the deposit, changing the ownership from that time.

6. *Same; garnishment against depositary; ownership of money deposited.* The ownership of the money so deposited remaining in the debtor, it is subject to garnishment in the hands of the depositary; and if the debtor files an inventory of his property, on a contest of his claim of other property as exempt, while the money is yet in the hands of the depositary, it may be that he should include it, stating the facts; but, if the money has been paid over to the creditor before demand for an inventory is made, the attaching creditor can not complain, nor insist that it be estimated as a part of the debtor's property.

[Trager, Canman & Co. v. Feibleman.]

APPEAL from the Circuit Court of Perry.
Tried before the Hon. JOHN MOORE.

G. B. JOHNSTON, and J. H. STEWART, for appellants, cited
*Coleman & Carroll v. Hatcher*, 77 Ala. 217; *Clark, Austin
& Smith v. Cilley*, 36 Ala. 652; *Brooks v. Hildreth*, 22 Ala.
469; *Sterrett v. Miles*, 87 Ala. 472; *Wood v. McCain*, 7 Ala.
800; *Williams v. Jones*, 77 Ala. 294; 5 Amer. St. 391;
2 Greenl. Ev., § 119; Drake on Attachment, § 525; *McCrary
v. Chase*, 71 Ala. 540; *Donaldson v. Waters*, 30 Ala. 175;
*Hill v. Hill*, 10 Ala. 527.

PITTS & HARWOOD, *contra*, cited *Governor v. Campbell*,
17 Ala. 574; *Wagner v. Simmons*, 61 Ala. 146; *Reynolds v.
Dothard*, 11 Ala. 531; *Chapman v. Lee*, 47 Ala. 150; 1 Amer.
& Eng. Encyc. Law, 429; *Blevins v. Pope*, 7 Ala. 371; Drake
on Attachments, § 221; Wade on Attachments, § 29.

CLOPTON, J.—An attachment sued out by the appel-
lants against the appellee, January 1, 1890, was levied the
next day on certain personal property. On the same day,
appellee filed with the officer levying the process a verified
claim to the property as exempt under section 2521 of the
Code. Notice thereof having been given to the plaintiffs,
they instituted a contest of the claim, in the mode pre-
scribed by the statute. It may be conceded that the claim
of exemption filed with the officer, not having been accom-
panied by a statement of personal property, *choses* in action
and money, as required by section 2521, was insufficient.
Instead of objecting thereto on this ground, plaintiffs made
a written demand upon defendant, August 16, 1890, to file
in the Circuit Court a full and complete inventory of all his
personal property, except such as is specially exempt from
levy and sale, all moneys, debts and *choses* in action belong-
ing to him, or in which he is beneficially interested. By
the written demand under section 2525, the plaintiffs waived
the objection to the sufficiency of the claim of exemption.
*Tonsmere v. Buckland*, 88 Ala. 312.

Defendant having filed an inventory in answer to the de-
mand, an issue was formed under the direction of the court,
the plaintiffs alleging that the property levied on "is subject
to the plaintiffs' attachment in this case, and is not exempted
by law to the defendant." The real issue in such contest is,
whether the claimant had other personal property, or *choses*
in action or money, not embraced in the inventory. But it
is unnecessary to consider the propriety of the ruling of the

court refusing to require defendant to join in the special issues tendered by plaintiffs. Under the general issue as formed, they were allowed and had the full benefit which they could have derived from the special issues; and the refusal, if erroneous, is error without injury.

Plaintiffs having introduced evidence showing that defendant, shortly before the issue of the attachment, received money for goods sold, and had a considerable sum in his possession, it was competent for him to show that he had appropriated the money to the payment of debts justly due by him. The evidence was relevant to the issue, whether the money belonged to him, or was in his possession, when the written demand for an inventory was made.

It is shown that on January 1, 1890, the same day on which the attachment was issued, defendant handed to his clerk, who is his brother, a sum of money—$950—which he directed him to pay to his mother and brother on account of debts which he owed them respectively, and get their receipts for the same. The clerk was not the agent of the mother or brother to collect the money, and did not pay it to either of them until the latter part of January, when he went to Meridian and Vicksburg, where they respectively resided. The justness of the debts is not controverted. The court substantially charged the jury, if defendant was justly indebted to his mother and brother in the sums stated, and paid the money to his clerk, in good faith, before the levy of the attachment, for the purpose of paying the debts, and the clerk paid the same to the mother and brother after the levy of the attachment, and the same was received by them in payment of their respective debts, this was a ratification of the payment of the money to the clerk, and the jury must find for the defendant. Charges were asked by plaintiffs asserting the contrary proposition, which were refused.

Plaintiffs contend, that merely placing the money in the hands of the clerk, with a request that he pay it to specified creditors, did not, *ipso facto*, change the ownership; that the request was revocable, at the option of the defendant, until the money was paid to the creditors, or they ratified the payment to the clerk; and they could not ratify the payment after the issue and levy of the attachment, so as to cut off the right of plaintiffs to subject it to their demand; hence, that the money not having been paid to the creditors, and there being no ratification until after the levy and issue of the attachment, the money must be estimated in ascertaining the amount of the exemption to which defendant is enti-

Vol. 95.

tled, and be deducted from his claim of exemptions, as provided by section 2531.

The well settled rule is, that when one person delivers money to another, accompanied by a mere request, without any present valuable consideration, to pay it to a third person, such request does not, of itself, change the ownership of the money.—*Coleman v. Hatcher*, 77 Ala. 217. But, if the money is subsequently paid to such third person, and he receives it in payment of his debt, this is a ratification of the unauthorized act, which operates, by relation, to change the ownership of the money as of the time of its delivery to the receiver.—*Brooks v. Hildreth*, 22 Ala. 469. Until such payment or ratification, or until the depositary has entered into some arrangement with the creditor, by which he is brought under obligation to hold the money for him, and by which he would be prejudiced by a revocation of the original direction, the money is subject to garnishment in his hands.

The mere selection and claim of certain property as exempt, though levied on by attachment or execution, does not deprive the defendant of the right to prefer creditors, and apply any property he may own, not levied on, to the payment of their just debts.— *Weiss v. Levy*, 69 Ala 209. If he has other property or money which may be subjected to his debts, it is incumbent on the attaching or execution creditor to reach and subject it by legal process. Plaintiffs had the right to garnishee the clerk, and thereby intercept the payment of the money to the mother and brother; but failing to do so, they acquired no lien on the money, and its application to the uses originally intended—the payment of their debts—offended no rights of plaintiffs; no rights of theirs intervened, so as to prevent a ratification from having the same force and effect as previous authority to collect the money. . Of course, this rule has no application, if the defendant thereby attempted a fraudulent disposition of the money as against his existing creditors. It may be that, had the defendant filed an inventory when he filed his claim of exemption with the officer, such inventory should have embraced the money in the hands of the clerk, which had not then been paid to the creditors, stating the facts. It had, however, been paid over when the written demand was made for an inventory. In such case, the issue is not, whether the money belonged to defendant at the time he filed his claim of exemption, but whether it belonged to him when the written demand to file an inventory in the Circuit

[Irwin v. Everson.]

Court was made under section 2525. The money having been paid to the mother and brother, and received by them in payment of their debts, before the written demand, can not be estimated, if their debts be just, in ascertaining the amount of the exemption to which defendent is entitled, nor deducted from his claim of exemption.

But there is evidence tending to show that defendant stated to witness, the day before the attachment was issued, that he had between three and four hundred dollars worth of accounts, which he intended to give his niece. These accounts, if he in fact had them at that time, and had made no proper disposition of them, should have been included in his inventory; a gift of them to his niece would have been fraudulent as against the plaintiffs. The charge under consideration instructs the jury that on the hypothesized facts therein stated *they must find for the defendant.* This conclusion excluded from the consideration of the jury whether the defendant had accounts which he should have included, but had failed to embrace in his inventory, though he may in fact have given them to his niece after filing his claim of exemption. For this reason the charge is erroneous.

Reversed and remanded.