# Pilcher *v.* Chaffin.

## *Contest Claim of Exemptions.*

(Decided Feb. 6, 1912. 57 South. 1014.)

*Exemptions; Claim of.*—Where a defendant in execution after levy of execution lodged his claim of exemption with the sheriff without filing an inventory of personal property as required by sections 4174, 4178, Code 1907, the plaintiff in execution by proceeding to trial of the contest of such claim waived his right to claim a default judgment because of such failure to file such inventory.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Contest of exemptions between T. W. Chaffin as judgment creditor and S. R. Pilcher as judgment defendant. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Chaffin had recovered judgment in the circuit court of Dale county against Pilcher upon a debt. The judgment did not contain a waiver of exemptions as to personal property, and when it was levied upon certain

personal property, the defendant in execution filed his claim of exemptions duly verified, and lodged the same with the sheriff, but did not file an inventory of other personality. Notice was given the execution creditor and he filed a contest and later at another term asked for default judgment because of the failure to file the inventory.

J. R. LEVY, and O. C. DOSTER, for appellant. The exemption claim should have been upheld.—Sections 4164, 68, 70, 73, 74, 75, 77, 78, 79 and 81. The court erred in rendering default judgment.—88 Ala. 312.

J. E. Z. RILEY, for appellee. The claim was invalid because not accompanied by the inventory required, and plaintiff was entitled to a default judgment.—*Tonsmere v. Buckland*, 88 Ala. 312; *Decatur M. Co. v. Deford*, 93 Ala. 347.

DE GRAFFENRIED, J.—In the present case an execution was levied by the sheriff of Dale county upon certain personal property belonging to the defendant in the execution. The personalty so levied upon was worth about $300, and the defendant in the execution lodged with the sheriff, at the time of the levy, duly verified by his oath, a writing claiming the property so levied upon as exempt to him from levy and sale for the satisfaction of the said execution. The execution was issued upon a judgment recovered in an action ex contractu, and there was no waiver of exemptions as to personal property. When the defendant in execution lodged with the sheriff the above claim, he failed to file the inventory of all his personal property, as provided in section 4178 of the Code, which, under the terms of section 4174 of the Code, it was his duty to file with the sheriff at the time he lodged with him the writing claim-

ing the property levied upon as exempt. After the defendant in the execution had filed with the sheriff the claim of exemption as above stated, the sheriff, under the provisions of section 4174 of the Code, gave to the plaintiff the notice required by said section of the filing of the claim, and the plaintiff in execution, under the provisions of sections 4173 and 4174 of the Code properly instituted a contest of the claim of exemption, upon the ground that the claim was "invalid entirely."

On the 13th day of the following April, at a regular term of the circuit court, the parties to the contest being present in open court, under the direction of the court, an issue was made up between them, a jury was duly impaneled to try the issue, and the jury was instructed by the court that the issue to be tried between the parties was "whether the property in contest, or any, and what part of it, is exempt as claimed." Thereupon the plaintiff in execution called the defendant in execution to the witness stand and proved by him that, in addition to the property in controversy, which was worth about $300, as above stated, he also owned two or three mules, a few cows and hogs, some household and kitchen furniture, an organ, etc., all of which was worth about $600, and that all of his property, including that levied upon, was not worth $1,000; that he was a resident citizen of Dale county, Ala. At the conclusion of the evidence the plaintiff in execution requested the court to charge the jury that if they believed the evidence they must find the issues in his favor, and the defendant in execution also requested the court to charge the jury that if they believed the evidence they must find the issues in his favor. Thereupon, so the bill of exceptions recites, "the court then and thereupon refused to give to the jury the affirmative charge for either the plaintiff or the defendant, but withdrew

same from the jury, stating that the court would take
the matter under consideration, and that the matter
would go off upon an order of the court." Thereupon,
it appears, after the judge had discharged the jury in
the case, the plaintiff in execution orally moved the
court for a judgment by default against the defendant,
and later, on April 15, 1911, filed in the court a written
motion praying for a judgment by default against the
defendant in execution. The grounds of the motion
were that the defendant in execution had failed to file
a statement of his personal property, choses in action,
and money, with the value and location thereof, with
the sheriff, at the time he made the claim of exemption,
as required by the provisions of section 4178 of the
Civil Code, or to otherwise disclose the same.

It is not necessary for us, under the facts disclosed
by this record, to determine whether a plaintiff in exe-
cution, upon his seasonable motion made therefor, is
entitled to judgment by default against a defendant in
execution, who, after levy upon personal property, files
a claim of exemption with the officer making the levy,
but fails, at the time he files such claim, to file with
such officer a full and complete inventory, duly verified
by oath, of all his personal property, with the value and
location of each item of such property, or whether sec-
tion 4178 of the Code furnishes the only remedy to the
plaintiff in such an execution.—*First National Bank of
Anniston v. Lippman,* 129 Ala. 617, 30 South. 19. It is
plain that under the facts in this case the appellee's
motion for a judgment by default came too late. Hav-
ing proceeded to trial without objection to the suffi-
ciency of appellant's claim, the appellee certainly
thereby waived his right to claim a judgment by de-
fault, even if he possessed such right upon a motion
seasonably made. Having proceeded to trial under sec-

tion 4179 of the Code, and the cause having been formally submitted to the jury upon the issues made up by the court under said section, he thereby lost any right to move for a judgment by default, because of the absence of the inventory of the personal property of appellee. "In cases arising under section 2521 (now section 4174) of the Code, the claim of exemption is not sufficiently interposed, unless there is filed with it an inventory, and such inventory as the statute requires. True, plaintiff may waive an inventory, or, *by tendering issue and going to trial without an inventory,* or on an imperfect one, *may estop himself* from *afterwards objecting to the want or imperfection of the inventory.*"— Stone, C. J., in *Tonsmere & Craft v. Buckland,* 88 Ala. 312, 6 South. 904. See, also, *Trager, Canman & Co. v. Feibleman,* 95 Ala. 60, 10 South. 213.

The court, under the facts disclosed by this record, committed reversible error in rendering judgment by default against the appellee.

Reversed and remanded.