# *Ex Parte* Seals Piano Co.

*Prohibition or Mandamus.*

(Decided December 17, 1914.　67 South. 240.)

1. *Mandamus; Prohibition; Correction of Errors or Irregularity.*— As prohibition lies to prohibit a usurpation of power, and not to correct errors and irregularities on the part of the court having jurisdiction, and not having exceeded that jurisdiction, or followed any mode of procedure not allowed by the law of the land, and as mandamus issues only to compel action when a matter is presented for decision before an officer charged in that regard who refuses to hear and determine, and never to control judicial action, neither prohibition nor mandamus or other extraordinary writ will be issued to compel a court to abate an attachment, where the court overruled a plea traversing a ground of attachment, after a trial of the plea on issue joined, even though, as claimed, the evidence showed without dispute that there was no ground for the attachment.

2. *Prohibition; Want of Other Remedy.*—While this court has a discretionary power to grant writs of prohibition to all the other courts in this state, the writ should never be granted except where

the inferior court has clearly exceeded its jurisdiction and the relator has no other remedy to which he can resort for his protection.

ORIGINAL petition in the Supreme Court.

Petition by the Seals Piano & Organ Company for a writ of prohibition, mandamus or other remedial writ to the judge of the circuit court for Montgomery county, seeking to have him abate an attachment levied on the property of the plaintiff. Writ denied.

See, also, *Ex parte Seals P. & O. Co.*, 188 Ala. 443, 66 South. 146.

W. A. GUNTER, and TILLEY & ELMORE, for appellant.

RUSHTON, WILLIAMS & CRENSHAW, for appellee.

MAYFIELD, J.—This is an original application to this court for a writ of prohibition, mandamus, or other remedial writ, to require the judge for the circuit court for Montgomery county to abate an attachment against the property of the petitioner. The facts as shown by the petition are stated by counsel for petitioner substantially as follows:

(1) Petitioner, who deals in pianos and organs, selling the same as a merchant, took a lease of a store from Bell and others in the city of Montgomery running for several years, on a rent maturing monthly during the lease, and had in said store a stock of pianos and organs. It concluded to cease business in Montgomery and move its stock of goods to Birmingham, Ala., where its principal store and headquarters were, and to dispose of its stock from that store in the due course of trade with the stock already in the Birmingham store, when an attachment was sued out by the lessor, Bell, for the whole rent for the entire term running to maturity, but none of which was due. The affidavit for

this attachment was on the ground that an installment of the rent was due and unpaid. The plaintiff, finding that no rent was due, amended the affidavit, placing the attachment on the ground that defendant "was about to fraudulently dispose of its goods." Thereupon the defendant contested the truth of the ground of attachment by traversing the ground of attachment alleged. The court tried this plea on issue joined, without a jury, and overruled the same. A bill of exceptions, shown on page 25 of the record, was signed, setting out all the evidence which it is contended shows without dispute; that petitioner was perfectly solvent, was worth $100,000 in excess of liabilities, and was simply moving its goods, consisting of pianos and organs, from Montgomery to Birmingham, to be disposed of there in the regular course of trade, and without any intention of making any fraudulent disposition thereof.

Conceding the facts as shown by the bill of exceptions to be as contended for by the petitioner, no case is made for the issue of a writ of prohibition, mandamus, or other extraordinary writ, as prayed. This record shows that the circuit court acquired jurisdiction of the parties and of the subject-matter, and does not show that it has exceeded its jurisdiction. It shows the institution and prosecution of an attachment suit, upon statutory grounds. The most that is claimed is that the court or the judge erred in finding the issue in favor of the plaintiff on the traverse of the ground of attachment alleged in the affidavit. If this could be conceded to be error, it cannot be corrected or cured by the extraordinary process of prohibition or mandamus, and can and should be remedied by appeal.

The following authorities in this state are conclusive against awarding the writ of prohibition in this case:

The writ of prohibtion is to prohibit usurpation of power, and, where a special judge is appointed that acquires jurisdiction in the premises, his errors and irregularities, if any, must be corrected in some other way, and not by prohibition.—*Epperson v. Rice,* 102 Ala. 668, 15 South. 434; 1 Mayf. Dig. 734.

(2) The Supreme Court has a discretionary power to grant writs of prohibition to all the inferior courts of the state; but the writ should never be granted except in cases where the inferior court has clearly exceeded its jurisdiction in the order complained of, and the relator has no other remedy to which he can resort for his protection.—*Ex parte Morgan Smith,* 23 Ala. 94; 1 Mayf. Dig. 736.

The writ of prohibition cannot be made to serve the purpose of the writ of certiorari to correct mistakes of the court, as to questions of law or fact within the jurisdiction of such courts.—*Smith v. Whitney,* 116 U. U. 167, 6 Sup. Ct. 570, 29 L. Ed. 601; *Ex parte Gordon,* 104 U. S. 515, 26 L. Ed. 814; 1 Mayf. Dig. 736.

If the inferior court rightfully has jurisdiction, and in its proceedings commits error, prohibition is not the remedy for their correction.—*Ex parte Morgan Smith,* 23 Ala. 94; *Ex parte Green & Graham,* 29 Ala. 52; *Ex parte Smith,* 34 Ala. 455; 1 Mayf. Dig. 737.

Prohibition is not a revisory writ and should not be awarded unless the complaining party has been drawn ad aliunde examen, in to a jurisdiction or mode of procedure disallowed by the laws of the land, or where, by handling matters clearly within their cognizance, the inferior courts transcend the bounds prescribed to them by the law.—*Ex parte Boothe,* 64 Ala. 312; *Ex parte Roundtree,* 51 Ala. 42; *Ex parte State,* 51 Ala. 60; *Ex parte Hamilton,* 51 Ala. 62; *Ex parte*

*Brown,* 58 Ala. 536; *Ex parte M. & O. R. R. Co.,* 63 Ala. 453; 1 Mayf. Dig. 738.

That mandamus will not lie is well settled by the following authorities:

Mandamus issues only to compel some action when the matter is presented for decision before an officer charged in that regard, and who refuses to hear and determine; but it never issues to control judicial action, or to direct a judicial officer how to act, or what conclusions to reach.—*Ex parte Jones,* 94 Ala. 34, 10 South. 429; *Ramagnano v. Crook,* 85 Ala. 226, 3 South. 845; *Dunbar v. Frazier,* 78 Ala. 538; 1 Mayf. Dig. 606.

Mandamus may issue from the Supreme Court, in a proper case, to compel an inferior court to hear and decide a controversy of which it has jurisdiction; but it is not a proper function of the writ to direct what particular judgment the inferior court shall render in a pending cause, much less to compel such court to retrace its steps, and, on the ground of error, reverse its decisions already rendered.—*Ex parte Redd,* 73 Ala. 548; *Ex parte South & N. A. R. Co.,* 65 Ala. 599; *State v. Williams,* 69 Ala. 311; *Ex parte Hayes,* 92 Ala. 120, 9 South. 156; 1 Mayf. Dig. 608.

It therefore follows that this application is denied. Writ denied.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.