(117 So. 294)
**Ex parte STATE ex rel. TILLERY. (6 Div. 137.)**
Supreme Court of Alabama.    June 7, 1928.

Divorce ⬅203—Court held without jurisdiction to determine application for temporary alimony based on original bill which contained no ground for divorce.

Where, after determination that bill of complaint did not state statutory cause or ground for divorce, application for temporary alimony was made, based on such original bill of complaint, *held* that, there being no jurisdictional averments in original bill, lower court acquired no jurisdiction to proceed and determine right to temporary alimony.

Original petition of J. T. Tillery for writ of prohibition directed to Hon. Henry B. Foster, as Judge of the Circuit Court of Tuscaloosa County. Writ awarded.

On April 27, 1926, Sallie J. Tillery filed her bill of complaint for divorce and alimony against J. T. Tillery, in the circuit court of Tuscaloosa county, in equity. J. T. Tillery demurred to the complaint, and also answered same. A decree was rendered April 27, 1926, granting Sallie J. Tillery a divorce, and making certain provisions for alimony and her support. On May 11, 1926, Sallie J. Tillery filed a petition for increase of alimony. On January 31, 1927, the court rendered a decree granting the said application of Sallie J. Tillery, and awarding her certain additional alimony. J. T. Tillery appealed from the decree of the court of January 31, 1927, to the Supreme Court.

Said appeal was dismissed on the ground that both the decrees of April 27, 1926, and January 31, 1927, were void, because the bill of complaint did not state a statutory cause or ground for divorce. Tillery v. Tillery, ante, p. 142, 115 So. 27.

After said appeal was dismissed, Sallie J. Tillery, on March 9, 1928, filed an application for temporary alimony, based on her original bill of complaint.

J. T. Tillery appeared specially, and objected to the hearing of testimony on said petition, demurred thereto, and pleaded in abatement and in bar thereof; all which were overruled by the court, and said J. T. Tillery was ordered to proceed to trial upon said petition. Thereupon said J. T. Tillery filed this petition, praying that the respondent circuit judge be prohibited from other or further proceedings upon the petition for alimony pendente lite.

W. M. Adams, of Tuscaloosa, for appellant.

The entire divorce proceedings based on the bill filed April 27, 1926, being void, the proceedings based on the petition for alimony pendente lite, filed March 9, 1928, are void. Tillery v. Tillery, ante p. 142, 115 So. 27; Ex parte Boothe, 64 Ala. 312; Ex parte Hamilton, 51 Ala. 62; Anders v. Lindsey, 203 Ala. 48, 82 So. 8; Ex parte Brown, 58 Ala. 536.

T. B. Ward, J. M. Ward and de Graffenried & Foster, all of Tuscaloosa, for appellee.

When the lower court has jurisdiction of the parties and subject-matter, the writ of prohibition will not lie. 32 Cyc. 605; Ex parte Brown, 58 Ala. 536; Epperson v. Rice, 102 Ala. 668, 15 So. 434; Ex parte Montgomery, 24 Ala. 98. Pending a suit for divorce, the court must make an allowance for support of the wife out of the estate of the husband. Code 1923, § 7417.

THOMAS, J. The petition was for prohibition to the circuit judge to prevent further procedure as indicated in the pleading, in the cause held coram non judice. Tillery v. Tillery, ante, p. 142, 115 So. 27, 28.

On the former appeal it was declared the decree rendered was "void for want of ju-

─────────

risdiction".; that subsequent proceedings therein were likewise "void and would not support an appeal." This being the effect of the bill and pleading theretofore filed and action thereon, before amendment averring the jurisdictional facts, there was not sufficient predicate on which to base the action for pendente allowances sought by the wife.

The facts averred in the answer of the judge:

"That it is true that on, to wit, the 9th day of March, 1928, the said Sallie J. Tillery filed in the circuit court of Tuscaloosa county, Ala., in equity, a petition praying for an award for temporary alimony, or alimony pendente lite. Respondent admits that the petition for alimony pendente lite was made a part of the original cause in this court and that at the time of the filing of said petition no amendment to the original bill had been filed. Respondent, further answering, says that the solicitors for complainant indicated an intention to file an amendment to the original bill and that on the 9th day of April, 1928, an amendment was filed, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof. Respondent further says that it was the opinion of the respondent at the time, and still is, that the original bill of April 27, 1926, and the proceeding based thereon, are capable of amendment; and respondent further says that the amendment filed and marked 'Exhibit A' hereto relates back to the filing of the original bill of complaint and confers jurisdiction upon said court to hear and determine all questions of divorce and alimony. A copy of the original bill of complaint filed April 27, 1926, is hereto attached, marked 'Exhibit B' and made a part hereof.

" (4) For answer to the fourth paragraph of said petition respondent says that it was his opinion, and still is, that the original bill of complaint filed April 27, 1926, and being docketed as case No. 788 in the circuit court of Tuscaloosa county, Ala., in equity, was capable of amendment, and that the same has on the 9th day of April, 1928, been so amended as to confer jurisdiction on the Tuscaloosa county circuit court, in equity, and that the bill as last amended is not void, but states a good cause of action, and that the court had the right, and it was its duty, to hear and determine a petition for alimony pendente lite.

" (5) For answer to the fifth paragraph of the said petition respondent says that on the 27th day of March, 1928, the circuit court, in equity, or the judge thereof, did proceed to hear and determine on the said petition for alimony of March 9, 1928, against the objections and protests of the relator in writing and filed in said cause,"—

—did not give him authority in the premises to the end indicated. If complainant desired to proceed further, she had the right to file a new bill or pleading, averring the jurisdictional facts, and thereunder proceed to a due adjudication of her rights in the premises, under the law and the facts.

There being no jurisdictional averment in the original bill, the lower court acquired no jurisdiction to proceed to the end in question, as the matter was coram non judice. Ex parte Morgan Smith, 23 Ala. 94, 108; Ex parte Seals Piano Co., 190 Ala. 641, 644, 67 So. 240; Anders v. Lindsey, Judge, 203 Ala. 48, 82 So. 8; Ex parte Brown, 58 Ala. 536, 542.

The writ is awarded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.