# Randolph *v.* Little.

### *Garnishment.*

1. *Garnishment; main enquiry in.*—In garnishment suits the main enquiry is whether the garnishee is indebted to the debtor in such form as that the debt can be condemned to the satisfaction of the plaintiff's judgment; if there be an indebtedness liable to condemnation, there should be a judgment in

[Randolph v. Little.]

favor of the judgment or attaching creditor against the garnishee ; if there be no indebtedness, or such indebtedness as can not be condemned, judgment should be rendered discharging the garnishee.

2. *Garnishment; exemption as to debt sought to be subjected; when lost.*—A claim or demand sought to be subjected by garnishment, may be the subject of a valid claim of exemption by the judgment debtor ; but if he delays to assert it until after judgment in favor of the attaching or garnishing creditor against the garnishee, the exemption is lost and can not afterwards be asserted. (Overruling *Webb v. Edwards*, 46 Ala. 16.)

3. *Order; what void.*—After judgment in favor of the garnishing creditor against the garnishee, the court has no authority to entertain the original debtor's claim of exemption, and direct the sheriff to pay over the money collected on the judgment to him ; such an order is void.

4. *Garnishment; what judgment in, irregular.*—A judgment against the garnishee for the amount of the original recovery against the judgment debtor, and also for " all costs of the original proceedings," &c., is informal, in that it does not set forth *in numero*, in the judgment of condemnation, the amount of such costs, and fails to give the garnishee authoritative evidence of the amount of credit he is entitled to claim of the judgment debtor. This, however, is but a clerical error, which will be corrected on motion in the court below, or in this court if the record furnishes sufficient data.

5. *Same; what judgment not informal.*—The judgment in the garnishment, however, is not informal, because it fails to set forth *in numero* the amount of costs adjudged in that proceeding. The costs are not taxed until after the judgment is rendered, and the garnishee is not entitled, as of course, to credit for all the costs of the proceedings ; for they may have been increased or incurred by his own fault, in which event he cannot claim credit as to such costs.

6. *Exemptions; what affidavit claiming should show.*—As the right of exemption is governed by the law in force when the debt was contracted, a claim of exemption, under the constitution of 1868, against process issued on a judgment rendered since then, on a debt which may have been contracted before the adoption of that constitution, should state with certainty when the debt was contracted, that the court may determine whether the debtor is entitled to the exemption claimed.

APPEAL from Etowah Circuit Court.
Tried before Hon. W. L. WHITLOCK.

The appellee, Hiram Little, having obtained a judgment against one Rosseau, sued out a garnishment against the appellant, Ryland Randolph, on the 2d day of June, 1875. The affidavit filed to secure the writ, is in the usual form, and alleged the recovery of judgment against Rosseau and another, at the fall term, 1872, of the Circuit Court of Etowah county, and a supposed indebtedness to Rosseau by the appellant. Appellant answered, admitting the existence of a contract with Rosseau, under which, if the work was completed as therein specified, there would be a balance due the said Rosseau. On the 28th day of December, 1875, Rosseau made an affidavit before a justice of the peace, which was filed in the cause on the 24th day of January. In this affidavit he does not show that he is a resident of this State, but simply claims the sum due " as exempt from the above named process of garnishment and levy by attachment or otherwise, and he claims the same as exempt from the above named process of law, and claims his right for self and family

as the same is guaranteed to him by the laws of the State of Alabama."

On the 24th day of April, 1877, a judgment final was rendered in the garnishment suit, to which no objection appears to have been taken. The judgment entry recites that "it is therefore considered that the plaintiff thereupon have and recover judgment against the said Ryland Randolph, garnishee, for the sum of three hundred and sixty-eight ⅰ–100 dollars, being the amount of the original judgment against the defendant in this court on the 2d day of November, 1872, and the interest thereon, and that the plaintiff have and recover of the said garnishee all the costs of the original proceedings against the defendant, and in this behalf expended, for which let execution issue." On the same day, but after the rendition of judgment, Rosseau filed an affidavit, in which he avers "that he is a *bona fide* resident of the county of St. Clair, in this State, and has been for many years last past;" that he is not the owner of personal property to the value of one thousand dollars." The affidavit then set out the facts in relation to the garnishment suit, and proceeds : "Affiant states that the same is exempt to him under the constitution and laws of this State, he not being the owner of personal property worth one thousand dollars, and he now files his claim to the same, and will, at the proper time, move the court to discharge the garnishee." On the same day, Rosseau moved the court "to set apart to him the amount of the judgment as exempt under the laws of this State in favor of the defendant, who is and was at the time of the service of the garnishment the head of a family and a *bona fide* resident of said State of Alabama, and to direct the full amount of said judgment to be paid over to him, by the sheriff, officer, or other person collecting the same." On the 28th day of the same month, the court made an order granting the motion, and directing the sheriff to pay the amount collected on the judgment to Rosseau as exempt. From the judgment final, and order made on the motion of Rosseau, Randolph appeals to this court.

TAUL BRADFORD, for appellant.

JOHN W. INZER, *contra.*

STONE, J.—We do not doubt that a claim or demand, sought to be condemned in garnishment to the satisfaction of a judgment, may be the subject of a valid exemption claim, when properly set up by the judgment debtor. But, to be availing, such claim must be interposed before judgment is

[Randolph v. Little.]

rendered against the garnishee. Till then, the proceedings are in *fieri*, and the proper inquiry is presented, whether the garnishee is indebted to the judgment debtor in such form, as that the debt can be condemned for the payment of plaintiff's judgment. If there be a debt, and that debt is liable to condemnation, then the proper judgment is against the garnishee, and in favor of the judgment, or attaching creditor. On the other hand, if there be no debt, or, if the debt be not subject to process of garnishment, then the proper judgment is to discharge the garnishee, and thus leave the relations of the garnishee and judgment debtor as they were before the writ of garnishment was served. Garnishment is a statutory action, and can result only in a judgment against the garnishee, or in a judgment discharging him. Contested answers, and collateral issues may arise, but they, at last, resolve themselves into the inquiry of indebtedness *vel non* from the garnishee to the judgment debtor, and its liability in the given suit.

The plaintiff Little, in June, 1875, made and filed his affidavit for garnishment, in usual form, setting forth that he recovered judgment against Rosseau and another in 1872, and stating that Randolph was supposed to be indebted to Rosseau. The writ of garnishment was issued and served on Randolph June 28th, 1875. There is found in the record an affidavit made by Rosseau, bearing date December 28th, 1875, which was filed in court January 24th, 1876, but it is wholly insufficient in averments to support a valid claim of exemption. We will treat this case as if that affidavit had not been made or filed. On the 24th of April, 1877, judgment final was rendered in the garnishment suit against the garnishee, to which no exceptions were reserved. The judgment is that the plaintiff " have and recover judgment against the said Ryland Randolph, garnishee, for the sum of three hundred and sixty-eight 1–100 dollars, being the amount of the original judgment against the defendant in this suit, on the 2d of November, 1872, and the interest thereon—and that the plaintiff have and recover of the said garnishee, all the costs of the original proceedings against the defendant, and in this behalf expended." This judgment is informal in this: It should have expressed the amount of costs in the original suit, and should have adjudged that sum *in numero*, as part of the judgment of condemnation. For the sum forced out of Randolph by garnishment, including the costs of the original suit, he will be entitled to a credit, on the debt he owes to Rosseau; and it is not just to the garnishee that the sum be left in uncertainty. The costs of the garnishment suit stand on a different footing. They are not taxed until after

judgment rendered, and in paying the one, the garnishee pays the other, and thus obtains a statement of the amount, which will enable him to claim his proper credit. Such costs are taxed in the identical suit he is settling, are *quasi* records, and are part of the judgment rendered. There is still another difference. It is not a matter of course that all the costs in the garnishment suit will be allowed as a credit to the garnishee. If costs in such suits are incurred, or increased by the fault of the garnishee, then such increased costs should be borne by the garnishee personally.

The error or informality pointed out above—namely, the failure of the judgment entry to state the amount of the costs in the original suit, and adjudge their payment *in numero,* was and is but a clerical error, which the court below could and would have corrected at any time. It can be done yet; and for this purpose, we leave this question open for further action in the Circuit Court, if deemed necessary. We would ourselves, if the record furnished the requisite information, here correct the error at the cost of the appellant.—Code of 1876, § 3946 ; 1 Brick. Dig. 82.

After the judgment was rendered in the Circuit Court in favor of Little and against the garnishee, but on the same day, Rosseau, defendant in the original cause, filed his affidavit, claiming that the recovery in the garnishment suit was exempt to him as a *bona fide* resident of this State. The court thereupon made an order, directing the sheriff or other officer collecting the judgment in the garnishment cause, to pay the money when collected, not to Little, in whose favor the judgment was rendered, but to Rosseau on his claim of exemption. In making this order, we suppose the court was controlled by the case of *Webb v. Edwards,* 46 Ala. 17, from which this case cannot be distinguished. We dissent from and overrule the majority opinion in that case, and agree, in the main, with the views of Peck, C. J. As we have said above, the Circuit Court had jurisdiction to discharge the garnishee, or to render judgment against him. After the judgment was rendered against the garnishee, that court had no authority to make the order that the money, when collected, should be paid to Rosseau. That order was without jurisdiction, is void, and is hereby vacated.

The judgment of *Little v. Rosseau* was rendered in 1872. It is not beyond the range of conjecture that the debt on which it was rendered was contracted before the constitution of 1868 was put in force. If so, the claim of exemption should have been founded on the statutes in force before that time, and not on the constitution of 1868.—*Wilson v. Brown,* 58 Ala. 62 ; *Taylor v. Anthony,* 55 Ala. 322. The affidavit in

this case is insufficient, in that it fails to set forth enough to show by which exemption statute the claimant's rights are to be measured.

This decision is not a reversal of any judgment, to the prejudice of Little, the appellee. With the exception of the order annulling the judgment of the court that the money, when collected, be paid to Rosseau, we do not disturb the ruling of the Circuit Court. On one point we reverse and correct the judgment. We do not formally affirm the judgment, because we would thereby merge the judgment of the Circuit Court in ours, and thus preclude any amendment in the court below.—*Stephens v. Norris, Stodder & Co.*, 15 Ala. 79.

Let the appellant pay the costs of this appeal, but no damages are imposed.

Reversed and corrected.