[Buckland v. Tonsmere & Craft.]

# Buckland *v.* Tonsmere & Craft.

*Garishment on Judgment ; Contested Claim of Exemption.*

<table>
<tr><td>90</td><td>503</td></tr>
<tr><td>102</td><td>378</td></tr>
</table>

1. *Claim of exemption against garnishment; amended inventory; what is revisable.*—When a claim of exemption is interposed to money in the hands of a garnishee, it must be accompanied with a statutory inventory of the debtor's property (Code, §2533); and if a defective inventory is filed, and objected to, it is discretionary with the court, after the expiration of the time within which the debtor has a right to file a sufficient inventory, to allow a new or amended inventory to be filed, and its refusal is not revisable.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

Judgment in favor of Tonsmere & Craft against E. E. Buckland, recovered May 11th, 1886; garnishment against the M. & O. Railroad Company, sued out March 8th, 1889; answer of garnishee, admitting indebtedness, filed May 11th, 1889; claim of exemption filed May 13th, 1889; and judgment discharging garnishee, as shown more fully by the former report of the case, 88 Ala. 312–18. After the reversal and remandment, the defendant asked leave to file a new or amended inventory, but the court would not allow it; and this ruling is here assigned as error.

RUSSELL & BOONE, for appellant.

W. E. RICHARDSON, *contra.*

McCLELLAN, J.—The opinion in this case on a former appeal (88 Ala. 312) is decisive of the question now presented. It was then held that, the time within which the defendant had a *right* to file a suffcent inventory having elapsed, the plaintiff "could have moved for judgment against the garnishee, on the ground that no sufficient claim of exemption had been filed; or, pursuing the course he did, it was his right to demand a fuller inventory. Pursuing either course, it was within the discretion of the presiding judge, with or without terms, to allow an inventory to be filed, or the imperfect one amended. " Upon the remandment of the cause, the judge of the Circuit Court exercised this discretion, by declining to allow a new (or amended) inventory to be filed; and his action in that re-

gard, which does not trench upon any *right* the defendant had, is not revisable.

The judgment of the Circuit Court is, therefore, affirmed, on the authority of *Tonsmere & Craft v. Buckland*, 88 Ala. 312.

Affirmed.