# Craft & Go. *v.* Louisville & Nashville Railroad Co.

## *Garnishment in aid of Pending Action.*

1. *Claim of exemption to indebtedness of garnishee under continuing contract.*—When a garnishee answers, admitting an indebtedness for services rendered by the defendant under a continuing contract, to which a claim of exemption is thereupon interposed by the defendant; and on appeal, an oral examination being required, he admits a further indebtedness, which has accrued under the contract since his first answer was filed, this indebtedness is not included in the claim of exemptions already filed, and is liable to the plaintiff's demand unless a new claim is interposed.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by the appellants, suing as a partnership, against J. D. Hubbard; and was commenced in a justice's court, on the 9th August, 1890. A garnishment was sued out in aid of the action, and was served on the Louisville & Nashville Railroad Company, as the debtor of said Hubbard. The garnishee answered, admitting an indebtedness; and a claim of exemption being interposed to this indebtedness, the justice discharged the garnishee. On appeal to the City Court

by the plaintiffs, an oral examination was required of the gar-nishee; and his answer admitted an additional indebtedness which had accrued since the first answer was filed. The court discharged the garnishee, and its judgment is here assigned as error.

W. E. RICHARDSON, and W. S. REESE, Jr., for appellants.

E. P. MORRISSETT, *contra.*

STONE, C. J.—The answer of the garnishee, filed in the justice's court August 15, 1890, admitted an indebtedness to the defendant, Hubbard, of three hundred and thirty-four dol-lars, due at that time. This indebtedness accrued under a contract for services, &c. continuous in its nature, which had been some time in operation, and was still in force when the judgment was rendered in the City Court. To this indebted-ness, or *chose* in action, Hubbard interposed a claim of exemp-tion, he making the requisite affidavit of residence, &c., to en-title him to such exemption. We find no substantial imper-fection in the claim he interposed, and the justice discharged the garnishee. No contest of the answer was offered in the justice's court, and the garnishee was rightfully discharged.

The plaintiff in garnishment appealed to the City Court, and gave notice that he would require the garnishee to an-swer "orally in the presence of the court."—Code of 1886, § 2974. On November 3, 1890, the garnishee did answer orally in the presence of the court, and in such answer ad-mitted that, between August 15th, 1890, the date of the first answer, and the making of the oral answer, it had become in-debted to Hubbard on the said contract for services, in a fur-ther sum of one hundred and twenty-five dollars. There was no contest of this answer, and Hubbard interposed no new claim of exemption to this additional *chose* in action. In this state of the facts, the City Court discharged the garnishee, and the plaintiff in garnishment excepted.

We think the City Court erred in this ruling. The indebted-ness which accrued between the dates of the first and second answers was, in no sense, any part of the debt acknowledged in the first answer; and hence it was, in no sense, and could not be, included in the first claim of exemption. It had no existence at that time. The law accords no exemption unless, it is claimed; and if the judgment or attachment debtor has notice of the garnishment, his claim of exemption must be in-terposed before there is judgment of condemnation.—Code of 1887, § 2533 ; *Randolph v. Little*, 62 Ala. 396.

[Ensley Railway Co. v. Chewning.]

If the record showed sufficient facts, we could and would render judgment on the garnishee's answer. It fails, however, to give information of the amount of costs incurred in the suits, and we know not for what sum to render judgment. We are, therefore, forced to send the cause back to the City Court, reversing all that occurred after the coming in of the answer of the garnishee.

Reversed and remanded.