# Young *v.* Louisville & Nashville Railroad Co.

## *Attachment and Garnishment.*

1. *Claim of exemption against garnishment; record of another suit as evidence.*—When two garnishment suits are pending against the same defendant and the same garnishee, but in favor of different plaintiffs, the court will not look to the record of one case on the trial of the other, except as it is offered in evidence; and if it appears that the debtor filed a claim of exemption in the second case, and that it was not contested, the plaintiff in that case can not complain that the court ordered the older judgment to be first satisfied, and awarded him only the admitted balance remaining in the hands of the garnishee.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by Randolph Young against Joseph D. Hubbard, and was commenced by attachment sued out on the 5th February, 1891. At that time the defendant was in the employment of the Louisville & Nashville Railroad Company, and the plaintiff sued out a garnishment against that company as his debtor. On the 4th May, 1891, before answer filed by the garnishee, the defendant filed a claim of exemption, stating that the balance due him by the railroad company "amounted to about ——, and is not over $250;" and on the 21st July, he filed another claim of exemption, stating that the amount then due to him by the railroad company was "about $150." On the 27th July, 1891, the plaintiff's attorney made and filed an affidavit contesting this claim. On the 23d October, 1891, an answer was filed by the garnishee, by its agent duly authorized, denying any indebtednss, but stating that, on the 28th March, 1891, after the service of the garnishment, it had paid over to said Hubbard the sum of $232.50, on which a garnishment had been served on it at the suit of Craft & Co., said payment being made after the garnishee had been discharged on its answer. An oral answer was afterwards made, on demand of the plaintiff, in which the garnishee admitted an indebtedness of $96.70, "for the month of October, 1891," On the 23d of October, 1891, the plaintiff recovered a judgment against Hubbard for $106.27. The trial of the garnishment case was had on the 2d November, 1891, and some

[Young v. Louisville & Nashville R. R. Co.]

of the proceedings had in the case of Craft & Co. against the garnishee were read in evidence. They appear in full in the report of that case.—93 Ala. 22. The plaintiff asked the court to render judgment against the garnishee, in favor of Craft & Co., for $125, the amount held on the appeal in that case to be subject to their garnishment, and which the garnishee had paid over to the defendant pending the appeal. The court refused to do this, and rendered judgment in favor of Craft & Co. for $82.21, of the $96.70 in the hands of the garnishee, and in favor of the plaintiff in this suit for $13.79, the balance of said sum. The plaintiff excepted to each of these rulings, and he here assigns them as error.

The papers are set out in the transcript indiscriminately, without regard to date or order of filing, and some of the dates stated may not be correct.

W. E. RICHARDSON, for appellant.

E. P. MORRISSETT, *contra.*

STONE, C. J.—In the case of *Craft v. Louisville & Nash, ville Railroad Co.*, 93 Ala. 22, it was made to appear that between the filing of the original answer in garnishment— August, 1890—and the second answer filed in the Circuit Court—November, 3, 1890—the railroad (garnishee) became indebted to Hubbard, defendant in attachment, in the sum of one hundred and twenty-five dollars. This sum, we ascertained, had not been covered by any claim of exemption found in that record. We consequently held that the City Court had erred in discharging the garnishee on its answer. The summons of garnishment in that case was served in August, 1890.

In the present case, the garnishment was served in March, 1891; and the garnishee answered in November, 1891. There was a claim of exemption in this case also, which appears to be correct in form. It was not contested. The City Court reached the conclusion that the railroad company owed Hubbard $96.70, which .was not included in the claim of exemptions, but out of this sum the amount of Craft's garnishment, being older, must be first paid. That left only $13.79 to be applied to Young's judgment in this case.

True, between the date of Craft's garnishment, August, 1890, and the service in this case, March, 1891, the railroad company had been indebted to Hubbard in a considerable sum; but, according to the garnishee's uncontested answer,

[Garrett v. Sewell.]

that indebtedness, before the summons in this case was served, had been paid, less an admitted balance. It is somewhat difficult to determine precisely what that admitted balance was, but whatever it may have been, Hubbard, in an affidavit which is in proper form, claimed it as exempt; and that claim was not contested.

We must decide this case, not on the record in the *Craft* case, but on the record we have in hand. Part of the record in that case is embodied in, and made part of the one before us, and to that extent we will consider it. So regarding it, we are unable to find any evidence on which to enlarge the judgment against the garnishee. The $96.70, ascertained by the City Court to be subject to the garnishments, is the outside limit the present record allows us to go. Of that sum, all but $13.79 was adjudged, and properly adjudged, to Craft, the prior attaching creditor. The real trouble in this case is in finding authority for rendering any judgment against the railroad company, at the suit of Young, the present plaintiff.

Affirmed.