# Young v. Hubbard.

*Claim of Exemptions in a Garnishment Suit.*

102　373
112　315

1. *Claim of exemptions; what must be stated therein.*—A claim of exemptions must show that the debt against which it is asserted has been contracted since the enactment of the laws providing for the exemption sought to be effectuated.

2. *Same; waiver of insufficiency of claim.*—Where a claim of exemptions is insufficient, in that it is not made to appear therein that the debt against which the claim was interposed had been contracted since the enactment of the laws providing for the exemption intended to be asserted, such insufficiency is waived by the party contesting, if, without objecting to the claim on this ground, he files an affidavit of contestation.

3. *Garnishment proceedings; insufficiency of claim of exemptions.*—

[Young v. Hubbard.]

Where in a proceeding upon a garnishment issued upon a judgment, the defendant filed the same claim of exemptions to the money in the hands of the garnishee that he had two months before filed in another case, without re-verifying it, and such claim thus filed has no reference to the plaintiff's demand in the latter suit, it is insufficient to show that the defendant is entitled to an exemption of the money held by the garnishee from condemnation to the satisfaction of the plaintiff's demand in the pending suit.

4. *Claim of exemption against garnishment; when verification must be made.*—When a claim of exemptions is interposed to money in the hands of a garnishee, the law (Code, §§ 2525, 2533) requires that the claim must contain, or be accompanied by, an inventory of all the personal property, choses in action and money belonging to the claimant, stating its value and location, and this claim and inventory must be verified by oath, made at the time of filing; and a claim of exemptions and inventory filed two months previous in a garnishment suit can not be filed in a subsequent garnishment suit against the same defendant without being accompanied by a presently verified statement having reference to the property owned by defendant at the very time of filing in the latter case.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The proceedings in this case were had upon a contest of exemptions, in which the appellee, Hubbard, claimed as exempt to him certain funds which the answer of the garnishee, the Louisville & Nashville Railroad Company, disclosed to be in its hands, and to belong to the said Hubbard.

Randolph Young recoverd a judgment against Jos. D. Hubbard, and in aid of the collection of the same had issued and served upon the Louisville & Nashville Railroad Company a writ of garnishment. One James Mc-Phillips also recovered a judgment against the said Hubbard, and also had a writ of garnishment served on the Louisville & Nashville Railroad Company. In response to the said writ of garnishment, the garnishee answered, disclosing money in its hands amounting to more than the judgment in both cases against the defendant.

On January 19, 1893, the defendant filed in the Mc-Phillips case a claim of exemptions to the money which the garnishee's answer had shown it to have. Subsequently, in the case of Randolph Young against Jos. D. Hubbard, the said Hubbard, on March 18, 1893, offered to introduce in evidence the claim of exemptions which he had formerly filed in the McPhillips case on January

19, 1893. The plaintiff objected to this claim of exemptions being introduced in evidence, and moved to strike it from the file, on several grounds, among which was the one, that it had not been re-verified by the affidavit of the defendant. The court overruled the plaintiff's objection, and allowed the said claim to be introduced. The court overruled the plaintiff's motion to have judgment rendered against the defendant and sureties on the garnishment bond, which had been given according to ·statute; but granted the motion of the defendant to have the garnishee discharged. To each of these rulings the plaintiff separately excepted. The other necessary facts are sufficiently stated in the opinion.

The appeal is prosecuted by the plaintiff from the judgment of the trial court allowing the claim of exemptions and discharging the garnishee.

RICHARDSON & REESE, for appellant, cited Code of 1886, § § 2525, 2533; Randolph v. Little, 62 Ala. 396; Block v. Bragg, 68 Ala. 291; Craft v. L. & N. R. R. Co., 93 Ala. 22; Ensley Furnace Co. v. Rogan, 95 Ala. 594.

E. P. MORRISETT, contra.

McCLELLAN, J.—The claim of exemptions filed by the defendant, Joseph D. Hubbard, on August 2d, 1892, was insufficient in that it is not made to appear thereby that the debt against which the claim was interposed had been contracted since the ordination and enactment of the laws providing for the exemption intended to be asserted.—Randolph v. Little, 62 Ala. 396. The insufficiency of this claim, however, appears to have been waived by the plaintiff: without objecting to it on this ground, he filed an affidavit of contestation.

The claim of August, 1892, had reference to and covered eighty dollars due and to become due defendant from the garnishee for services rendered in June and July, 1892. Defendant continued in the service of the garnishee until December 31st, 1892; and in March, 1893, the garnishee answered in this and another—McPhillips'—case against Hubbard that it then owed defendant a certain sum which was greater than the total of the judgments in both cases. On January 19, 1893, the de-

fendant had interposed a claim of exemptions in the Mc-Phillips' case to the money due him from the garnishee. After answer, the defendant on March 18, 1893, against plaintiff's objection, filed in this case the claim which he had two months before interposed in the McPhillips' case without re-verification. This claim as thus propounded in the case at bar was fatally bad in two particulars. Even in respect of McPhillips' judgment it did not show that the debt against which it was asserted had been contracted since the passage of laws giving the exemption sought to be effectuated; and being asserted against McPhillips' debt and not originally against that of plaintiff, and having when verified no reference to plaintiff's demand, its averment of the conclusion that defendant was entitled to the exemption asserted can not be construed to have reference at all to the debt involved in the present case. There is, therefore, no averment of facts which, if true, show that the defendant is entitled to an exemption of the money held by the garnishee from condemnation to the satisfaction of this plaintiff's judgment, nor even any averment of the conclusion from facts not set out that he is entitled to such exemption.

The other particular in which the claim as interposed in this case must be adjudged to be wholly insufficient is this: The law requires that a claim of exemptions interposed after levy of garnishment must contain, or be accompanied by, a statement setting forth an inventory of all the personal property, choses in action and money belonging to the claimant, "and the value and location thereof;" and this statement, as well as the claim itself, must "be verified by oath."—Code, §§ 2525, 2533. It is too manifest to need discussion that the verification required by the statute must be of a presently existing state of facts: it must have reference to the property the defendant has at the moment of filing the claim and making the statement. What property, choses in action or money the defendant owned a year before the claim is filed, it is wholly immaterial to inquire. His rights depend upon the amount of property he owns to-day, at the moment of his solemn statement under oath, not upon what he had last year or last month or yesterday. And the plaintiff is entitled to know affirmatively from his claim and inventory what he has now. Had the claim filed on March 18, in terms, stated that on the 19th

day of the preceding January the defendant owned the
property therein described and was then entitled to have
the money due him from the garnishee exempted from
the satisfaction of plaintiff's judgment, it would not, we
apprehend, be for a moment insisted that the claim and
inventory were sufficient and made a *prima facie* showing
for the allowance of the exemption; for *non constat* but
that the defendant in the meantime had acquired, and
at the time of filing the claim was the owner of, personal
property, choses in action and money which was not and
could not have been embraced in the claim. This is pre-
cisely the substance, meaning and effect of the claim and
statement which was filed in this case, though it does not
in so many words aver that two months before it was
filed defendant had only the property set forth in it, and
was then entitled to the exemption claimed. This claim
and inventory was sworn to on January 18, 1893. It
was a statement of the property, &c., which the defend-
ant *then* had. It asserted that the defendant was *then*
entitled to the exemption claimed, and this only, as we
have seen, against the judgment of McPhillips. The pa-
per speaks only of the time when it was originally filed.
The defendant swore that the facts set forth in it were
then true. It was taken out of the file in that case and
filed for the defendant in this; but it still speaks only of
a state of things existing on the 19th of January, and
not of facts existing on the 18th of March. Whether the
intervening time be long or short can make no manner
of difference. If a defendant can claim exemptions on a
state of facts which are shown by his affidavit to have ex-
isted two months before, but which are not shown to exist
at the time the claim is actually interposed, he may
equally well base his claim upon facts existing ten years
before. If the requirement that his claim shall be ac-
companied by a sworn statement showing the personal
property, choses in action and money belonging to him,
and the location thereof, at the time the claim is pro-
pounded can be filled by his affidavit that two months
before he owned only certain described personal prop-
erty, &c., it can equally be met by a verified statement
of his personal effects ten years before, or by presently
filing a sworn inventory made and verified any length of
time in the past. There is, we think, therefore, no
escape from the conclusion that the claim filed in this

case was wholly insufficient and bad in that—if not for other reasons than this and those first adverted to—it was not accompanied by a presently verified statement of the personal property, choses in action and money belonging to him at the time of filing the claim.—*Buckland v. Tonsmere & Craft,* 90 Ala. 503 ; s. c. 88 Ala. 312.

The plaintiff did not waive any of the infirmities of the claim of exemptions to which we have referred. To the contrary on account of them he objected to the filing of the claim and moved to strike it out after it had been filed against his objection, and finally moved for judgment against the defendant and his sureties on the bond given under the act of 1890–91 to dissolve the garnishment, notwithstanding the pending of the alleged claim. His objection to the filing was overruled, and each of his motions was denied. In each and all of these rulings the trial court erred. The claim should not have been admitted to the file. Having been put on file, it should have been striken out. And its being on the file was no obstacle to the rendition of a judgment on the answer of the garnishee.

Reversed and remanded.