# Ely v. Blacker, Gerstle & Co.

and

# Ely v. Flinn.

*Claim of Exemptions in a Garnishment Suit.*

1. *Claim of exemptions; what must be stated therein.*—A claim of exemptions must affirmatively show that the debt against which it is asserted, has been contracted since the enactment of the laws providing for the exemptions sought to be effectuated.

2. *Same; sufficiency of affidavit when asserted in a garnishment suit.*— Where a defendant in a judgment attempts to claim as exempt money in the hands of a garnishee, but it is not made to appear in the affidavit that the debt was contracted subsequently to the adoption of the constitution of 1868, such claim is insufficient, and upon proper motion by the plaintiff may be stricken from the file, because of such insufficiency.

3. *Same; effect of striking out insufficient claim.*—Where a claim of exemption to money in the hands of a garnishee is stricken out as a whole, because of insufficiency, the fact that as to part of the money the claim was sufficient does not render such ruling prejudicial to either the defendant or garnishee, when as to the remaining portion of the fund, which was more than enough to satisfy plaintiff's demand, the claim was insufficient.

4. *Same; garnishee can not assert defendant's claim; effect of payment before judgment.*—Where a defendant in a judgment attempts to claim as exempt money in the hands of the garnishee, the garnishee can not assert the right of the defendant to claim such exemptions, nor complain of the action of the court in disallowing it; and where a garnishee, after service of the writ and before answer, voluntarily pays to defendant the amount of the debt garnished, he can not allege error in the subsequent order of the court disallowing the defendant's claim of exemption to such debt.

5. *Same; garnishment; debt subject thereto; wages payable at the end of each month.*—Where the garnishee discloses by his answer that the defendant was employed by him on a monthly salary, payable at the

end of each month, and that the garnishee allowed the defendant to take money and goods out of the business during the course of each month in payment of such salary, judgment against the garnishee is proper, since the salary was subject to the writ as soon as earned, by service, although it was not then due, and continued subject thereto, notwithstanding all of it was paid before any part of it became due according to the contract of employment.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN R. TYSON.

These two cases were identically the same with the exception of the names of the plaintiffs and the amounts of the judgment of each plaintiff; involved the same questions of law; and were, therefore, submitted together on the present appeal. What is said in the following statement of facts applies to the facts in each of the cases.

Plaintiffs recovered a judgment in the circuit court of Marengo county, against one Sol Elkan, and sued out a writ of garnishment thereon, which was served upon M. Ely on July 8, 1893. The garnishee filed a written answer which was declined by the plaintiffs, and upon the plaintiffs' motion the court made an order requiring the garnishee to answer orally. The cause was regularly continued until the Fall term of the circuit court in 1895, when the garnishee answered orally on September 28, 1895, the substance of which answer is stated in the opinion. On the same day, towit, September 30, 1895, the defendant, Sol Elkan, filed a claim of exemption, in which he stated that he, "selected and claimed as exempted to him, under the constitution and laws of the State of Alabama the following described personal property : The sum of $25 per month due him as his salary as a clerk in the store of M. Ely from the 1st day of July, 1893, to the 1st day of September, 1894—11 months, $275. The sum of $50 per month from the 1st day of July, 1893, to the 1st day of September, 1894—11 months, $550." Then follows the claim of specified household furniture. Proceeding, the affidavit of claim then recites : "and affiant further states that the above is a complete inventory of all his personal property, except the wearing apparel, portraits, pictures and books, specifically exempted from levy and sale, with the value of the same, and that it is located at Jefferson, Marengo county, Alabama; that he

[Ely v. Blacker, Gerstle & Co., and Ely v. Flinn.]

has no money on hand, and that there are no debts and choses in action belonging to him, or in which he is beneficially interested, except some old open accounts, which are barred by the statute of limitations of 3 years, and which are considered valueless." This claim was duly sworn to before the clerk of the circuit court. The defendant contested this claim of exemption upon several grounds, and upon the plaintiffs' motion it was stricken from the file, upon the ground that it was insufficient. The plaintiffs then made a motion for judgment against the garnishee upon his answer. The court granted this motion and rendered judgment against the garnishee.

The present appeal is prosecuted by the garnishee, who assigns as error the striking of the defendant's claim of exemption from the file, and the rendition of judgment agaist the garnishee.

WILLIAM CUNNINGHAME, for appellant.—If the judgment refers to and identifies an answer in writing as filed, it is considered as part of the record.—*Railway Co. v. Crass*, 97 Ala. 519 ; *Jones v. Howell*, 16 Ala. 695 ; *Price v. Thomason*, 11 Ala. 875 ; *Falconer v. Head*, 31 Ala. 513 ; *Easton v. Lowery*, 29 Ala. 454 ; *Bland v. Bowie*, 53 Ala. 152. A claim of exemption by a judgment debtor, for a debt in the hands of a garnishee is a part of the record.—*Courie & Co. v. Goodwin*, 89 Ala. 569 ; *Bland v. Bowie*, 53 Ala. 152.

The court erred in rendering judgment against the garnishee on his answer.—*Bray v. Ely*, 105 Ala. 553 ; 1 Brick Dig. 179, § 355 ; *Jones v. Crews*, 64 Ala. 368 ; *Hall v. Magee*, 27 Ala. 414 ; *Archer v. People's Sav. Bank*, 88 Ala. 249 ; *Alexander v. Pollock & Co.*, 72 Ala. 137 ; *Callaghan v. Pocasset Manfg. Co.*, 119 Mass. 173 ; *Worthington v. Jones*, 23 Vt. 546 ; *Strauss v. Meertief*, 64 Ala. 299 ; *Hood v. League*, 102 Ala. 228 ; *Young v. Hubbard*, 102 Ala. 373 ; *Tonsmere v. Buckland*, 88 Ala. 312.

TAYLOR & ELMORE, *contra*.—The action of the court in striking out defendant's claim of exemption could not be taken advantage of by the garnishee. Exemptions are personal and can not be set up by a creditor, nor by a garnishee.—*Courie & Co. v. Goodwin*, 89 Ala. 569.

The defendant's claim of exemption was properly

stricken from the file, because it was invalid.—*Young v. Hubbard*, 102 Ala. 363 ; *Patillo v. Taylor*, 83 Ala. 230.

This cause has none of the features of *Archer v. People's Sav. Bank*, 88 Ala. 249; *Lady Ensley F. Co. v. Rogan*, 95 Ala. 594 ; The garnishee paid the salary to Elkan the defendant, at his own risk, and having paid it, it is no longer a subsisting claim, that is, no longer property, and the defendant himself can not claim the exemption ; because an exemption can only apply to things *in esse*, at the time the claim is assserted.— *Young v. Hubbard*, 102 Ala. 373.

McCLELLAN, J.—It was upon the defendant, Elkan, to affirmatively show by his claim of exemptions that the debt of the garnishee to him was exempt from subjection to plaintiff's judgment, so that upon a mere denial of the claim—an averment that the claim is invalid entirely—by the plaintiffs all material issues would be presented. And a claim which may or may not be good accordingly as some issue not presented by it is determined one way or the other—a claim which is good, abstractly speaking, against a debt contracted at one time but which is not good against a debt contracted at another time, and which does not show whether the debt against which it asserted was contracted at the one time or the other—does not show on its face that the claimant is entitled to his exemptions, presents nothing upon which plaintiff is bound to take issue and is insufficient. The affidavit of claim filed here shows that five hundred and fifty dollars of the amount due from the garnishee was exempted to defendant only upon the assumption that plaintiffs' debt was contracted subsequently to the adoption of the constitution of 1868. This sum was sufficient to satify plaintiffs' judgment more than twice over. And neither the claim affidavit nor any other part of the record in the court below shows that plaintiffs' debt was of that class. Now, of course it is highly probable that a debt which was reduced to judgment in 1893 was contracted after 1868. But still it is probable only. It is not certain, for a debt contracted prior to that time might have been so renewed as not even to be barred by the statute of limitations ; and if it were open to the plea of the statute of limitations, there might yet still be a perfectly valid judgment

for it, the plea not having been interposed. And so long as the language of the affidavit setting forth the claim of exemptions raises only a probability, of however high a nature, that the thing claimed is exempt from being subjected to a particular debt, it cannot be said that the right is affirmatively shown; and the plaintiff is not called upon to test the truth of the affidavit when all it sets forth may be confessed to be true without confessing the right the defendant is attempting to assert, but he may move the court to strike it out as insufficient. *Randolph v. Little*, 62 Ala. 396; *Young v. Hubbard*, 102 Ala. 373.

If it be conceded that the claim filed was sufficient as to two hundred and seventy-five dollars of the fund, on the theory that the exemption allowed by section 2512 of the Code of 1886, under which the claim to this extent is presented, is assertable against all debts whenever created, still there was left much more than enough of the debt due from the garnishee to satisfy plaintiffs' judgment, so that more of the fund than was sufficiently claimed by the defendant is untouched and unaffected by the judgment against the garnishee. And the fact that a part of the money was properly claimed did not put it on the plaintiff to contest an insufficient claim as to the balance, nor did the striking out of the claim as a whole at all prejudice the defendant or, in legal contemplation as we shall see, the garnishee, since the former got all he was entitled to out of the fund on account of the claim so far as properly presented, and the latter, *prima facie* at least, had no interest in the money as between the plaintiff and the defendant.

And this brings us naturally to the question of the garnishee's right to impeach in any way the action of the court in striking out defendant's alleged claim of exemptions on plaintiffs' motion. And assuming in this connection that apart from the question of exemption *vel non*, plaintiffs were entitled to judgment against the garnishee on his answer, the matter stands thus: The garnishee while the writ was upon him was indebted to the defendant. This debt he chose to pay to the defendant before answer. He then had no shadow of defense against the writ, nor of right to interpose any objection to the rendition thereon of a judgment against him. The defendant, it may be granted, had a right to

claim the amount of said debt as exempted to him, but this right was purely personal to him, given exclusively for his own benefit, to be asserted or not at his own election, and, if not properly asserted by him, was forever lost. He attempted to assert it, but the court below held that he in fact and law did not assert it. He had then a further right to appeal from that ruling, but, like the right to claim his exemptions in the first instance, this right of appeal was his alone, and to be exercised for his own benefit. He has not sought to exercise it at all, and so far as any action of his is concerned the judgment against his claim of exemption will not be disturbed. But the garnishee now comes and says that that judgment against the defendant's personal right, which he alone could exercise and effectuate, is of injury to me, because in my own wrong I have paid the money to him, and unless I am allowed to prosecute this claim of exemptions, I will have to pay it over again, and cannot recover it back from him, and I, therefore, appeal to and pray the court of last resort to allow defendant's claim of exemptions for my benefit. We know of no principle upon which this should be permitted. There are at least two considerations which preclude its being done. In the first place to allow it would be practically to allow the garnishee to make and prosecute defendant's claim of exemption. And in the next place it would be to confer upon the garnishee a right purely because of the manifest and wholly voluntary wrong he committed in paying the money to the defendant. In legal contemplation, the garnishee stands indifferent between the plaintiff in judgment and the defendant. It is nothing to him whether the one or the other is entitled to the fund in his hands. His only concern is to pay it to that one who shall be adjudged entitled to it. He has no right to intercept or intervene in any way in the contest between them, but he must stand still until that contest is determined between them alone, and then pay to the successful party. If, instead of this plain and safe course, he pays to either party before the contest is decided he does so at his own risk and in his own wrong, and such payment cannot confer upon him, directly or indirectly, any rights whatever against the successful party in the contest, whether such contest have reference to defendant's indebtedness to the

[Ely v. Blacker, Gerstle & Co., and Ely v. Flinn.]

plaintiff, and arises in the original suit, or to defendant's exemptions, and arises on his claim in that behalf. In other words, and in brief, all that the garnishee is entitled to as a condition to his payment to the plaintiff is a judgment against the defendant, which as between him and the plaintiff settles the latter's rights. If the judgment rendered is void, the garnishee will be permitted to show that fact, for that is no judgment at all, does not determine the contest between the parties, and will not protect the garnishee against the defendant if he pays the plaintiff under it. But if the judgment is merely erroneous, and, therefore, voidable on appeal by the defendant, but not void, payment under it will protect the garnishee and he cannot be heard to question its validity; and so long as the defendant does not appeal, it is perfectly good against all the world. The judgment in the action against defendant is not questioned at all on this appeal. The judgment against defendant's claim of exemptions is not attacked as void, and, granting all that appellant contends for, it would be erroneous and voidable only, but to be so held only on the appeal of the defendant. He does not appeal. And the garnishee, who alone appeals, cannot be heard to insist that it is erroneous, and should be reversed.—1 Brick. Dig., 182, §§ 405–6; *Security Loan Association v. Weems*, 69 Ala. 584.

We have assumed that the plaintiff, apart from the question of defendant's exemptions, was entitled to judgment on the garnishee's answer. Having shown, or attempted to show, that so far as the garnishee is concerned, on this appeal the inquiry as to defendant's exemptions is out of the case, we now recur to the question whether the answer of the garnishee justified a judgment against him. And little need be said in this connection. We do not hesitate to construe the answer to mean simply this : that defendant was employed by the garnishee at a salary of seventy-five dollars per month, payable at the end of each month, and that the garnishee allowed the defendant to take money and goods out of the business during the course of each month in payment of his salary ; or in other words, the garnishee, while the writ was upon him paid the defendant's salary before it became due, but as and after it had accrued. The moment the salary or any part of

it had been earned and thus accrued, it became liable to the writ though not yet due and payable, and continued subject thereto notwithstanding it was all paid before any part of it became due. The answer, construed even most favorably to the garnishee, shows that the garnishee was indebted to the defendant for wages accrued, but not for wages due; the wages earned having been paid by the garnishee in his own wrong and at his own peril before they became delinquent. The case is thus very different from that of *Archer v. Peoples' Savings Bank*, 88 Ala. 249, where the salary was wholly payable and paid *in advance* of its being earned, and where this court said that if not paid in advance, but allowed to remain uncollected even for a single day, it became a debt subject to the writ.—*Gray v. Perry Hardware Co.*, 111 Ala. 532. Judgment was properly rendered on the answer of the garnishee, and it must be affirmed.

The same judgment will be entered in the case of M. Ely, Garnishee, v. Morris Flinn, identical with the case considered above and submitted with it.

Affirmed.