147 So. 166

**NUNEZ et al. v. BORDEN.**

6 Div. 300.

Supreme Court of Alabama.

March 23, 1933.

[1] Ante, p. 58.

382

Walter S. Smith and Andrew H. Knight, both of Birmingham, for appellants.

Arlie Barber and Amzi G. Barber, both of Birmingham, for appellee.

FOSTER, Justice.

When a claim of exemption is made by a judgment debtor to funds in the hands of a garnishee in a garnishment writ issued on such judgment, he must accompany his claim with a "statement setting forth the personal property, choses in action and money, and the location and value thereof," duly verified. Section 7908, Code. "The purpose of the requirement is to prevent the defendant, while claiming the money garnished as exempt, secreting other personal property, money, or choses in action subject to his debts, and which may be reached by appropriate legal process." Decatur Mercantile Co. v. Deford, 93 Ala. 347, 349, 9 So. 454, 455.

A statute should be given effect according to its purpose manifested by its language and other rules of construction. The court is often not controlled by the literal language of the statute, but by its meaning when properly interpreted, though outside of such literal meaning. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159; Cocciola et al. v. Wood-Dickerson Supply Co., 136 Ala. 532, 537, 33 So. 856, 857; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897; Graham v. City of Mobile, 17 Ala. App. 19, 81 So. 355; 59 Corpus Juris, 964 et seq.

In the case of Young v. Hubbard, 102 Ala. 373, 14 So. 569, the court was dealing with the foregoing feature of that statute. A claim of exemption and statement of the personalty verified, as required by statute, had been filed in court January 19, 1893, in another case. The garnishee, in March, 1893, answered indebted in the pending case, and defendant, on March 18th, filed in that case the same claim and statement which he had previously filed in the other case without reverification. The court in holding it insufficient said: "His [the defendant's] rights depend upon the amount of property he owns to day, at the moment of his solemn statement under oath, not upon what he had last year or last month or yesterday." To give literal effect to such interpretation, the claimant must go to the clerk's office and there verify and at the same moment file his claim, etc. He could no more verify in the morning, and file it in the afternoon, than he could verify it one afternoon and file it the next morning.

In the case of Young v. Hubbard, supra, two months had intervened. Since the purpose of the verified statement is to disclose the amount of other personalty subject to process for the benefit of plaintiff, for it in no respect affects defendant's right to claim as exempt that which is selected by him, it should relate to a time so nearly related to the date of filing as ordinarily to exclude the supposition that he had acquired other personal property in the meantime. In that case, we do not find fault with the construction of the statute as applied to its circumstances; but we do not feel that we should be controlled by what was said beyond the circumstances of that case. Courts are for the purpose of giving reasonable application of statutes to effectuate their intent, and not to do so with such literal accuracy as to make them cause a defeat of their very purpose. State v. Dodd, 17 Ala. App. 20, 81 So. 356; Thompson v. State, 20 Ala. 54.

In this case the evidence shows a verification in the afternoon by defendant, whereupon his counsel went to the clerk's office to file it, where it was due to be filed, but the office was closed, and it could not be filed that afternoon, but was filed without reverification the next morning at 8:55. We do not think the claim was void and subject to be stricken because not thus reverified on the day and at the moment it was filed.

The motion to strike was in writing, and the judgment entry shows that it was granted, and the claim of exemptions was

stricken. This is also shown by the bill of exceptions. Appellant argues that while the bill of exceptions shows a sufficient exception to such ruling, the judgment entry is not sufficient in that respect. It is true that the record, or the bill of exceptions, controls in this respect, dependent upon whether the matter is properly shown by the one or the other. National Bank v. Baker Hill Iron Co., 108 Ala. 635, 19 So. 47; McDonald v. Jacobs, 77 Ala. 524; Hurst v. Bell, 72 Ala. 336.

But such a motion is within the terms of section 9459, Code, by which no exception is necessary. Formby v. Whitaker, 225 Ala. 154, 142 So. 536.

The appeal is from the final judgment and motion for a new trial. When it is from the final judgment, the ruling of the court in striking the claim of exemptions is properly reviewable when duly assigned for error. It was so assigned and constituted reversible error. It is not necessary to consider other questions.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.