In re Joseph B. BROWNING, a/k/a Billy Browning, Ind. & d/b/a B & H Muffler, f/d/b/a Armrour Muffler, Inc., Armor Muffler # 3, L & L Warehouse, B & B Muffler, Target Muffler Supply, Whitelightin Warehouse # 3, Browning Dist. Co., Armor Muffler # 4, Debtor.

Bankruptcy No. 80–00429.

United States Bankruptcy Court, S. D. Alabama.

Jan. 21, 1981.

Theodore L. Hall, Trustee, pro se.

Reggie Stephens, Mobile, Ala., for debtor.

### ORDER ON OBJECTIONS TO CLAIM OF EXEMPTIONS

WILL G. CAFFEY, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Amended Objections of Theodore L. Hall, Trustee herein, to the debtor's claim of exemptions, due notice of said hearing having been given, and a Stipulation of Facts having been filed and arguments having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

The debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on May 27, 1980. Theodore L. Hall is the duly appointed, qualified and acting Trustee. The petition and schedules attached thereto were actually executed by the debtor on May 21, 1980.

In Schedule B–4 the debtor claimed as exempt the following:

| Type of Property | Value claimed exempt |
|---|---|
| Debtor's undivided ½ interest in the real property located at 7215 Emerald Drive East, Mobile, Alabama 36619 (owned jointly with wife) Debtor's equity in ½ interest | $5,500.00 |
| Cash in checking account | 200.00 |
| 1979 Lincoln 1976 Oldsmobile Cutless 1976 Ford Pickup Master Bend Lift Master Bend Lift Ben Pearson Bender | (All under mortgage to Commonwealth National Bank— Amount owed to Bank $22,000 Market value of property approx. $22,000.00) –0– |
| Clothing & Jewelry | 750.00 |
| ½ Partnership interest in B & H Muffler Shop | 6,000.00 |

The debtor's home located at 7215 Emerald Drive East, Mobile, Alabama, was owned jointly by the debtor and his wife. It is valued at $36,000.00, has a mortgage against it in favor of Engel Mortgage Company, with an outstanding balance of $25,-000.00, leaving an equity therein of $11,-000.00. Debtor claims his one-half interest in that equity ($5,500.00) as a homestead exemption.

The debtor also owned, according to his schedules, cash on deposit in the amount of $200.00 and clothing and jewelry valued at $750.00. These items were also claimed as exempt.

In addition the debtor owned the following items of personal property, all of which are mortgaged to Commonwealth National Bank, viz:

| Item | Value |
|---|---|
| 1 – 1979 Lincoln automobile | $ 9,800.00 |
| 1 – 1976 Oldsmobile Cutlass automobile | 2,500.00 |
| 1 – 1976 Ford Pickup Truck | 2,300.00 |
| 1 – Master Bend Lift | 1,800.00 |
| 1 – Master Bend Lift | 1,800.00 |
| 1 – Ben Pearson Bender | 3,800.00 |
| Total | $21,200.00 |

The balance due on the mortgage debt is approximately $22,000.00; and the debtor has claimed his equity therein, valued at $0.00, as exempt.

The debtor, prior to bankruptcy, was engaged in a partnership business with one Andrew Bexley under the style of B & H Muffler Shop, which partnership business is still in operation. He claimed as exempt his one-half interest in that business which he valued at $6,000.00.

The debtor's schedules, generally, fail to show the dates the debts were incurred; but, some of them have been in existence since 1978 and 1979, and some of them, obviously, are partnership obligations.

## CONCLUSIONS OF LAW

The Trustee objects to the debtor's claimed exemptions, generally, on the ground that they exceed the values allowed by law; and, in addition, to the extent they are based on the 1980 Amendment to the exemption statutes of Alabama, said amendment is unconstitutional as being in contravention of Sections 204 and 205 of the Constitution of Alabama of 1901.

As a matter of law, the constitutionality of a Statute will not be determined unless absolutely necessary to the determination of the merits of the action in which the constitutionality has been drawn into question. *Wright v. Turner*, 351 So.2d 1 (Ala. 1977), *Moses v. Tarwater*, 58 So.2d 757, 257 Ala. 361 (1952).

For the reasons set out below, therefore, this Court does not pass on the constitutional challenge to the Alabama exemption statute.

By Act No. 80–569, effective May 19, 1980, the Legislature of Alabama acting under the authority of Section 522(b)(1) of the Bankruptcy Code prohibited the application of the Federal exemptions established by Section 522(d) of the Bankruptcy Code and limited the exemptions allowable to Alabama residents to those established by State law, or by Federal law other than

by Section 522(d). The act also increased the homestead and personal property exemptions; and these increases are the basis for the constitutional challenge. The act contains a savings clause and a severability clause. The provision of the Act denying the application of the Federal exemptions as set out in Section 522(d) is not attacked, and is effective for that purpose.

Therefore, the question reverts to a determination of what exemptions are allowable in this case under the laws of the State of Alabama.

■ Under Alabama law, a resident may claim property as exempt under the statutes in effect at the time the debt was incurred. Section 6–10–1 of the Code of Alabama, 1975 provides:

> "The right of homestead or other exemption shall be governed by the law in force when the debt or demand was created, but the mode or remedy for asserting, ascertaining, contesting and determining claims thereto shall be as prescribed in this Chapter."

Under this provision, which has been codified since 1876, the right of a debtor to claim an exemption and the amount of such exemption depends upon when the debt was created—the law then in force being controlling. *Block v. George*, 83 Ala. 178, 4 So. 836 (1887), *Love v. First National Bank of B'ham.*, 228 Ala. 258, 153 So. 189 (1934).

And, the claim of exemption must show that the debt was contracted since the enactment of the exemption statute under which it is claimed. *Randolph v. Little*, 62 Ala. 396 (1878), *Ely v. Blacker*, 112 Ala. 311, 20 So. 570 (1896).

Prior to May 19, 1980 the homestead exemption for Alabama residents was limited to an equity of not exceeding $2,000.00 in value; and the personal property exemption, excluding wearing apparel, family portraits or pictures and books used in the family, was limited to personal property to the amount of $1,000.00 in value. Code of Alabama, 1975, Sec. 6–10–2, Code of Alabama, 1975, Sec. 6–10–6.

Since the petition in this case was executed by the debtor on May 21, 1980 and filed on May 27, 1980 it is obvious that most, if not all, of the debts listed therein were incurred prior to May 19, 1980. Therefore, the increased exemption allowances contained in Act No. 80–569 do not apply to this case; and the debtor is limited to those exemptions allowed prior to that date.

■ In addition to the above, under Alabama law, a partner cannot claim as exempt against copartners or partnership creditors an undivided interest in partnership property. Code of Alabama, 1975, Section 6–10–9.

The Trustee's objections to the debtor's claim of exemptions are due to be sustained; and the debtor's exemptions are due to be limited to a claim of $2,000.00 cash in lieu of homestead (upon sale of the homestead property) and to the following items of personal property, viz:

Cash in checking account $200.00
Clothing and Jewelry 750.00

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Objections of Theodore L. Hall, Trustee, to the debtor's claim of exemptions be, and the same hereby are, SUSTAINED; and the debtor's exemptions are limited to $2,000.00 in cash in lieu of homestead and to the following personal property, viz:

Cash in checking account $200.00
Clothing and Jewelry $750.00.