**In re Michael Clifton BRADLEY, Debtor.**

**Bankruptcy No. 81–01213.**

United States Bankruptcy Court, S. D. Alabama.

March 26, 1982.

Douglas Taylor, Trustee, pro se.

Herbert P. Feibelman, Jr., Mobile, Ala., for debtor.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTIONS

WILL G. CAFFEY, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Trustee's Objection to the Debtor's claim of exemption as to certain items of personal property; due notice of said hearing having been given, and the matter having been submitted upon the petition and schedules filed by the debtor;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 16, 1981. Douglas Taylor is the duly appointed, qualified and acting Trustee.

In his Schedules, as amended, the debtor asserted ownership of the following personal property which he valued as indicated, viz:

| | |
|---|---|
| Cash on Hand | $    50.00 |
| Deposits | 170.31 |
| Household goods, supplies and furnishings, itemized and valued at $808.00—(½ interest owned by debtor) | 404.00 |
| Family pictures | 1.00 |
| Wearing apparel and jewelry | 160.00 |
| 1975 Toyota Land Cruiser | 2,800.00 |
| Two cockatiel with cages | 20.00 |
| Hand tools, storage buildings and miscellaneous personal property (itemized under Schedule B–2–m) | 375.00 |
| Insurance policies | –0– |
| House trailer | 8,000.00 |
| Total | $11,980.31 |

In Schedule B–4 the debtor has claimed all of the above personal property as exempt; but indicates the value of the 1975 Toyota claimed exempt at $1.00, and the value of the House Trailer claimed exempt at $1.00.

Schedule A–3 lists the Baldwin County Bank as holding a security interest in the

1975 Toyota securing a debt of $2,900.00; and Citicorp as holding a security interest in the House Trailer securing a debt in the amount of $12,369.96.

Numerous debts listed in the debtor's schedules were incurred prior to May 19, 1980.

## CONCLUSIONS OF LAW

The Trustee has objected to the debtor's claimed exemptions in the 1975 Toyota Land Cruiser and household goods, supplies and furnishings on the following grounds:

"That the schedules filed by the Debtor do not reflect the fair market value of the Debtor's equity in the property claimed exempt.

That it appears that the aggregate amount of property claimed exempt exceeds the amount allowed by law."

No independent evidence was presented as to the values of the items objected to; therefore, the values placed thereon by the debtor are presumed correct.

The State of Alabama "opted out" of the Federal exemptions by Act No. 80–569, effective May 19, 1980. Code of Alabama, 1975 (PP), Sec. 6–10–11.

The allowable exemptions in this case are, therefore, controlled by Alabama law. Under that law the right of exemption is governed by the State statutes in effect at the time the debts were incurred. Section 6–10–1, Code of Alabama, 1975, provides:

"The right of homestead or other exemption shall be governed by the law in force when the debt or demand was created, but the mode or remedy for asserting, ascertaining, contesting and determining claims thereto shall be as prescribed in this Chapter."

■ Thus, the right of a debtor to claim an exemption and the amount of such exemption depends upon when the debt was created—the State law then in force being controlling. *Block v. George*, 83 Ala. 178, 4 So. 836 (1887); *Love v. First National Bank of B'ham*, 228 Ala. 258, 153 So. 189 (1934).

■ And, the claim of exemption must show that the debt was contracted since the enactment of the exemption statute under which it is claimed. *Randolf v. Little*, 62 Ala. 396 (1878); *Ely v. Blacker*, 112 Ala. 311, 20 So. 570 (1896).

■ Since the debtor's petition was filed on December 16, 1981, and he has scheduled debts which were incurred prior to May 19, 1980, he is entitled to claim those exemptions allowable in Alabama prior to May 19, 1980. *In re Browning*, 13 B.R. 6 (Bkrtcy.S.D.Ala.1981).

Prior to May 19, 1980, the personal property exemption, excluding wearing apparel, family portraits and pictures and books used in the family, was limited to personal property to the amount of $1,000.00 in value. Code of Alabama, 1975, Sec. 6–10–2, Code of Alabama, 1975, Sec. 6–10–6.

■ Excluding the wearing apparel, family pictures and jewelry, the debtor has claimed as exempt personal property having a value of $11,819.31. Apparently, in an effort to justify the claimed exemption, the debtor, in Schedule B–5, listed his "interest" in the 1975 Toyota and the House Trailer at $1.00 each. This is improper and not authorized by Alabama law.

As to personal property exemptions, the constitutional provision is as follows:

"The personal property of any resident of this State to the value of one thousand dollars, to be selected by such resident, shall be exempt from sale or execution, or other process of any Court, issued for the collection of any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight or after the ratification of this constitution"

Constitution of Alabama of 1901, Art. X, Sec. 204.

The enabling statutes for this constitutional provision are contained in Title 6, Code of Alabama, 1975, Chapter 10, and applicable provisions thereof are noted, as follows:

Section 6–10–6:

"The personal property of such resident, to the amount of one thousand dollars in value, to be selected by him, and, in addition thereto, all necessary and proper wearing apparel for himself and family, and all family portraits or pictures, and all books used in the family, shall also be exempt from levy and sale under execution or other process for the collection of debts."

Section 6–10–20:

"Any resident of this state, entitled to, and desiring to claim a homestead or other exemption from levy and sale under execution or other process, may, at any time, make and file in the office of the judge of probate of the county in which the property is situated, if a homestead, or if personal property, of the county in which such resident resides, a *declaration in writing*, subscribed and sworn to by him, describing the property selected and claimed by him as exempt, *item by item*, in case of personal property, *with its value* ; and other declarations may, from time to time, as occasion may require, be made and filed." (Emphasis supplied).

In addition, the statute relating to the contest of a claim of personal property exemption provides that the defendant (debtor), upon demand, must file:

" * * * a full and complete inventory, duly verified by oath, of all his personal property, * * * with the value and location of each item of such property * * *."

Code of Ala., 1975, Sec. 6–10–29.

For comparative purposes, reference is made to the statutory provision relating to homestead exemption, wherein it is provided:

"The homestead of every resident of this state, with the improvements and appurtenances not exceeding in value two thousand dollars, and in area one hundred and sixty acres, shall be, *to the extent of any interest he may have therein* * * *, exempt from levy and sale under execution or other process for the collection of debts * * *." (Emphasis supplied)

Code of Ala., 1975, Sec. 6–10–2.

Considering the constitutional and statutory provisions referred to, it appears clear that the legislature of Alabama intended to allow to each resident an exemption of personal property, *the value of which* does not exceed the amount of $1,000.00; and if the value of that property exceeds that amount, it cannot be set apart as exempt. No mention is made as to the value of the debtor's equitable interest in that property.

By contrast, the statute relating to the homestead exemption specifically refers to the "interest" of the debtor in the property; and under that statute the State Courts have held that if the interest of the debtor is subject to a mortgage or other encumbrance, the amount of such encumbrance must be deducted from the entire value of the property in fixing the value of his homestead. *Brock Candy Co. v. Elson*, 211 Ala. 244, 100 So. 94; *Franklin v. Comer*, 170 Ala. 229, 54 So. 430.

If the legislature had intended a similar exclusion of encumbrances on personal property, it would have been a very simple matter to have inserted the same phraseology in the statute relating to the personal property exemption. It did not do so. The absence of such phraseology and the clear provisions requiring a debtor to inventory his personal property and value each item, and to claim his exemptions and value them item by item convince me that it is not the value of the debtor's "equitable interest" in the property which is to be considered in establishing his exemptions, but the full value of the items selected.

Since the 1975 Toyota has a value in excess of $1,000.00 it cannot in any event be set apart as exempt to the debtor, and must be surrendered by him to the Trustee. *In re Hubert Lavon Minuard*, 3 B.C.D. 33 (S.D. Ala.1976).

The same would be true of the House Trailer, but the Trustee did not object to the exemption of that item of personal property.

Excluding the 1975 Toyota, the House Trailer, the family pictures, wearing

apparel and jewelry from consideration, the remaining items of personal property have a value of $1,019.31 which is excessive in the amount of $19.31. The debtor must surrender to the Trustee other items having that value or pay to the Trustee cash in that amount.

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Objection of Douglas Taylor, Trustee, to the debtor's claim of exemption as to personal property be, and the same hereby is, SUSTAINED; and it is further

ORDERED that Michael Clifton Bradley, the debtor herein, forthwith surrender to said Trustee the 1975 Toyota Land Cruiser; and it is further

ORDERED that Michael Clifton Bradley, the debtor herein, forthwith surrender to said Trustee additional items of personal property having a value of at least $19.31, or pay that amount to the Trustee in cash.